BETSEY E. GREEN, Respondent, *v.* WILLIAM COLLINS, Appellant.

Where, at the time of a grant, there is an apparent easement over adjoining lands belonging to another, but not necessarily attached as an appurte-

nance to the land conveyed, and to which the grantor has no title or right, an interruption of the use thereof by the adjoining owner does not make the grantor liable for damages under covenants of warranty and quiet enjoyment, although the grant was " with appurtenances."

In order to bind the grantor in such case, there should be a covenant, recital or representation in the conveyance that he is the owner of the easement.

An appurtenance which is conveyed by general terms in a grant must be something which necessarily attaches to the lands conveyed, as a matter of right. Such terms do not convey a right which the grantor was not authorized to impose upon adjoining lands, or render the grantor liable for breach of warranty.

Defendant sold and conveyed to plaintiff a dwelling-house and lot in the city of T., described by metes and bounds " with the appurtenances," the deed containing covenants of warranty and of quiet enjoyment. There was at the time a bath-room and water-closet in the dwelling, the discharge pipes from which emptied into a sewer leading from the premises to and across adjoining premises owned by G. Defendant had no right to the use of the sewer across the lands of G., and he, subsequent to the conveyance, brought an action against plaintiff, perpetually restraining her from using said sewer. In an action to recover damages for alleged breach of the covenants, *held*, that the right to use the sewer was not a legal appurtenance within the meaning of the deed, and that, therefore, the action was not maintainable.

Also, *held*, that parol evidence was not competent for the purpose of enlarging the meaning or import of the words used in the deed.

*Mott* v. *Palmer* (1 N. Y. 564); *Pettit* v. *Shepard* (32 N. Y. 97), distinguished.

*Adams* v. *Conover* (22 Hun, 424), distinguished and limited.

*Green* v. *Collins* (20 Hun, 474), reversed.

(Argued June 13, 1881; decided October 4, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made April 8, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 20 Hun, 474.)

This action was brought to recover damages for alleged breaches of covenants contained in a deed.

In April, 1873, the defendant sold and conveyed to the plaintiff certain real estate in the city of Troy, consisting of a dwelling-house and lot, which was described by metes and bounds " with the appurtenances," the deed whereof contained the following convenant: " And the said William Collins doth

hereby covenant and agree to and with the said party of the second part, her heirs and assigns, that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, he will forever warrant and defend against any persons whomsoever, lawfully claiming the same or any part thereof." There was at that time a water-closet and bath-room in said dwelling-house, connected by means of discharge pipes, with a sewer leading from the premises to and upon certain adjoining lands owned by one John P. Albertson, through which the water and filth from said water-closet and bath-room were discharged. The plaintiff went into possession under her deed. Afterward, Albertson sued the plaintiff, and recovered a judgment perpetually restraining her from such use of the sewer.

Further facts appear in the opinion.

*R. A. Parmenter* for appellant. Whatever right or easement belongs, as matter of legal right, to the thing granted, passes with it and nothing else. (2 Washburne on Real Property, 655, 667; *Sparrows* v. *Kingman*, 1 N. Y. 246; *Whitney* v. *Allaire*, id. 305.) Where no right exists by which a grantor can properly discharge water or refuse matter upon an adjoining lot, such appurtenant or easement does not pass with the land, notwithstanding the grantor may have in fact been wrongfully discharging water upon such adjacent lot which created a nuisance. (Wash. on Easements, 50, 51, 525; *Lampman* v. *Milks*, 21 N. Y. 77; *Simmons* v. *Cloonan*, 47 id. 3.) One of the essential qualities of an easement is, that there must be two distinct tenements, the dominant, to which the right belongs, and the servient, on which the obligation rests. (*Wolf* v. *Frost*, 4 Sandf. Ch. 87.) An easement which is extinct, or which has no legal existence, though used *de facto* does not pass as an appurtenance. (3 Hilliard on Real Property, 514, § 40; *Plant* v. *James*, 5 Barn. & Adol. 79; 27 Eng. Com. Law, 191; *Huttemeier* v. *Albro*, 18 N. Y. 50; *Crippen* v. *Morss*, 49 id. 63; *Philbrick* v. *Ewing*, 97 Mass. 133; *Booth* v. *Alock*, L. R., 8 Ch. App. 663; *Leach* v. *Schroeder*, L.

R., 9 Ch. App. 463.)   If Collins fraudulently made the representations, as alleged, in respect to the right to the unrestricted use of the sewer, an action could not be maintained for breach of covenant for quiet enjoyment.   The remedy would be an action for damages on account of the fraud or deceit practiced upon the grantee. ( *Wardell* v. *Fosdick*, 13 Johns. 325 ; *Whitney* v. *Allaire*, 1 N. Y. 305.)

*Esek Cowen* for respondent.  Where a grantor sells real estate which cannot be used and enjoyed in the usual and customary way and as the parties intended and understood it was to be enjoyed, without continuing an existing use of a structure on another's land visibly connected with the land sold, such easement must pass by the general word, "appurtenances," without a particular description.  (*Mott* v. *Palmer*, 1 N. Y. 564 ; *Adams* v. *Conover*, 22 Hun, 424 ; *Pettit* v. *Shepard*, 32 N. Y. 97 ; *Simmons* v. *Cloonan*, 81 id. 559 ; *Curtis* v. *Ayrault*, 47 id. 73 ; *Lampman* v. *Milks*, 21 id. 505 ; *Huttemeier* v. *Albro*, 18 id. 48 ; *French* v. *Carhart*, 1 id. 96.)

MILLER, J.   The deed from the defendant to the plaintiff conveyed the premises therein described by metes and bounds " with the appurtenances and all the estate, title and interest therein of the said party of the first part," and contained the following covenant:   " And the said William Collins doth hereby covenant and agree to and with the said party of the second part, her heirs and assigns, that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, he will forever warrant and defend against any persons whomsoever, lawfully claiming the same or any part thereof."

The question to be determined is whether the right to use the sewer over the land of Albertson's, which was adjoining, was not a legal appurtenance to the premises within the meaning of the deed, and a failure of the plaintiff to enjoy such right by means of a paramount title was a breach of the covenant of quiet enjoyment or of warranty contained in such

deed. The language of the deed of itself does not convey to the plaintiff a right to use her premises in such manner as would create a nuisance upon the land of the adjoining proprietor. The words " with the appurtenances " cannot affect the rights of the parties or enlarge the scope of the deed, as the appurtenances would pass without such words, for it is a general rule that whatever is in use for the land as an incident or appurtenance is conveyed by the deed. (*Huttemeier* v. *Albro*, 18 N. Y. 48.) If the right of the defendant to use the adjoining land was an easement attached to, or constituting a part of the land, it was transferred by the deed. Such right did not exist however in fact, and, therefore, it could not and did not pass to the plaintiff. The position of the counsel for the plaintiff·is, that taking into consideration all the facts, it was intended by the grantor to sell, and by the grantee to purchase, such a right, and therefore the covenant of warranty is a covenant to defend the grantee against any easement which at the time the deed was executed appeared to be appurtenant to the land. In other words, that the question is not what was actually conveyed, but what did the defendant agree to convey and undertake to defend. This may be, strictly speaking, correct, but inasmuch as the grantor could not convey what did not belong to him or constitute a part of or an appurtenant to the land conveyed, and as it is manifest that the right to use the adjoining land for the purposes of the sewer belonged to another party, and not to the defendant, it is not apparent how this could be included within the terms of the conveyance without the use of language to that effect. The right to drain upon the adjoining land would, at least to some extent, involve a right to inflict a burden which, unless protected or provided for, might constitute a nuisance, and such a result cannot be accomplished without proof· of the existence of the right claimed, or express words showing that it was the intention of the grantor to confer it. And although an existing easement as a matter of legal right passes with the thing granted, yet, where a grantor conveys without any interest or title whatever, an easement does not pass to the grantee. In such a case in order to bind the gran-

tor there should be a recital or representation in the conveyance or a covenant that the grantor is the owner of such easement, which it would be fraudulent to permit him to gainsay or deny. (*Sparrow* v. *Kingman*, 1 N. Y. 246; see also *Whitney* v. *Allaire*, id. 305.) In the case considered the conveyance contained no language which declared or imported that the grantor intended to convey the right in question, and as it was not an easement necessarily attached to the land as an appurtenance, it is not apparent how any liability was incurred without a special covenant or warranty conferring the right to use the sewer upon Albertson's land for all purposes. If the defendant had been the owner of Albertson's lot at the time of the conveyance there would be reason for claiming that he was liable; for in such case the doctrine of estoppel would apply, and the defendant would have no valid ground for complaint that the drainage which was provided for was continued upon his own land, and as he had imposed the burden upon the land adjoining for his own benefit, it would continue to be attached unless the right to subvert it was expressly reserved. The authorities fully recognize such a distinction. (*Lampman* v. *Milks*, 21 N. Y. 505; *Le Roy* v. *Platt*, 4 Paige, 77; *Simmons* v. *Cloonan*, 47 N. Y. 3.) The learned counsel for the respondent cites and relies upon the case of *Mott* v. *Palmer* (1 N. Y. 564) as an authority which is decisive of the question considered. The plaintiff in that case, the grantee, was sued by a tenant of the grantor for the value of a rail fence which was upon the farm at the time of the sale and a judgment recovered against him. In the action upon the covenant of seizin it was held that it was broken if the grantor at the time of the conveyance did not own such things affixed to the freehold as would pass to the grantee by a conveyance of the land itself, and the grantor was held liable upon the covenant. Although the rails were the personal property of the tenant, yet being on the farm as a fence and the deed purporting to convey them, there was sufficient ground for holding that the fence was conveyed by the deed. Although not owned by the grantor he clearly attempted to and did convey it, and as it stood upon the land it passed with the land by

the deed. And here, it appears to me, lies the distinction between the two cases, that in the one cited the rails were actually conveyed as an appurtenance and as a part of the land, while in the case at bar the right to drain is not included in the deed or in any way connected with the land itself. The case cited does not hold that an easement which would seem to be essential for the full enjoyment of the grant, but is not in fact an appurtenance belonging to the land, is included within the terms and covered by the covenant of warranty. While the grantor may by the language of the deed warrant what does not belong to or constitute a part of the land, in order to create a liability for a breach of the covenant it must appear that such was the effect of the conveyance. This intention is not apparent we think from the deed to the plaintiff upon its face. And even although there may be easements which, from their apparent connection with the premises, may be said to be fairly included within a general description of appurtenances, such a rule would scarcely apply to a lot in a city where buildings may be conveyed in an incomplete and an unfinished condition, and the right claimed is not stated in the deed. In fact an appurtenance which is conveyed by general terms in a grant must be something which necessarily attaches to the land conveyed as a matter of right, and beyond this the right to the enjoyment of an easement must depend upon the language of the instrument. General terms cannot convey a right which the grantor was not authorized to impose upon the land of an adjoining owner, or render the grantor liable in an action for a breach of the covenant of warranty. Nor in such a case, where the right to create has no foundation, is any presumption to be indulged from the ordinary covenants of a warranty deed. In 3 Willard on Real Prop. 514, § 4, the general rule is laid down "an easement appurtenant to land passes with the land. * * But an easement which is extinct or which has no legal existence though used *de facto* does not pass as an appurtenance." In *Plant* v. *James* (5 Barn. & Adol. 791; 27 E. C. L. R. 191), Lord DENMAN says, "Nothing is more clear than that under the word 'appurtenances,' according to its legal sense, an easement which

has become extinct,,or which does not exist in point of law by reason of unity of ownership, does not pass. If the grantor wishes to revive or create such a right he must do it by express words, or introduce the terms 'therewith used and enjoyed,' in which case easements existing in point of fact though not existing in point of law would be transferred to the grantee." If the rule laid down be followed it is certainly not obvious how a grantor who commits a trespass or a nuisance upon the land of another can convey the same as an easement or an appurtenance by virtue of a deed of the land. Much less can this be done without the use of apt and appropriate words for that purpose. None of the decisions of this court which have been cited conflict with the rule laid down in the cases already referred to. (See *Simmons* v. *C'loonan*, 81 N. Y. 557; *Curtiss* v. *Ayrault*, 47 id. 73; *Lampman* v. *Milks*, 21 id. 505; *Hut-temeier* v. *Albro*, 18 id. 48; *French* v. *Carhart*, 1 id. 96.)

The case of *Adams* v. *Conover* (22 Hun, 424), decided in the Supreme Court, holds that it is not necessary that the appurtenances of land conveyed, *i. e.*, the right to overflow adjoining land, should be specially described in the deed. This rule was laid down in the case cited upon the authority of the decision in the case at bar in the Supreme Court. The exact terms of the deed in the case cited were not before that court, and the construction given is based upon the assumption from oral evidence that it was an ordinary warranty deed. It may also be remarked that, in the conveyance of a mill site, the water privilege is a most important element of value, and hence, in determining what shall pass as an incident appurtenant to that in the terms conveyed by the grant, it is the necessity of the mill and its free enjoyment which controls. (*Voorhees* v. *Burchard*, 55 N. Y. 98.) Such a case bears no analogy to a deed of land by metes and bounds, with the usual covenant of quiet enjoyment, and a warranty. Giving full effect to the conveyance of the premises to the plaintiff, we are of the opinion that there is no rule of law which authorizes the construction that the main sewer upon the lot conveyed could be rightfully and lawfully used to conduct the drainage of the

water-closet upon the premises owned by Albertson. It is claimed that the deed may be construed having in view the parol testimony introduced upon the trial to show the agreement, and that the words " with the appurtenances " may be read as if the deed had in that connection contained the words, " to wit: the sewer leading from the water-closet of said house," and as it does not specify what was regarded by the parties as an " appurtenance," the meaning of that word is left open for explanation by parol evidence, not to contradict or modify, but to apply the language of the deed. There was evidence upon the trial tending to show that at the time of the sale this sewer was built, and that it was connected with the water-closet, which could not be used without it. It was also proved that the plaintiff was informed of the existence of the sewer privilege, and that it largely enhanced the value of the house and lot, to the amount of $2,000, and this evidence was not objected to. There was a conflict as to most of these facts. The defendant denied that any such representations were made in fact, and testified that he told the plaintiff that he had no right to use the sewer for household purposes, and that she must build a privy in the yard. As the deed merged all prior and contemporaneous agreements which had been made, the parol evidence was inadmissible for the purpose of controlling its legal effect, or modifying or enlarging its meaning or import. It was not sufficient to convey the right to the use of the sewer upon its face, and the effect of the testimony was to contradict and control its operation, and to give it more force than legitimately could be derived from the language used, and the apparent intention of the parties. Such evidence was incompetent for any purpose (*Mott* v. *Palmer, supra*), and even if received without objection, could not change the legitimate effect of the deed. The case presented bears no analogy to one where a description of land conveyed by deed is vague and uncertain, and parol evidence is admissible as to the real boundaries to identify the subject-matter, and to show what the grantor intended by a general designation of a particular portion. (*Pettit* v. *Shepard.* 32 N. Y. 97.) If the representations

made by the defendant were fraudulent in regard to the extent of the right to the use of the sewer, an action would lie to recover damages for the fraud and deceit. (*Whitney* v. *Allaire, supra; Wardell* v. *Fosdick,* 13 Johns. 325.) The plaintiff was at liberty to pursue this remedy if she could establish the fraud. If, as suggested by the counsel for the respondent, the defendant honestly believed that he had a right to continue the use of this sewer, and such belief was erroneous, and thus an action for the fraud could not be maintained, the fault must rest upon the plaintiff for not protecting her rights by demanding a proper conveyance, and requiring that a suitable provision be inserted in the same for that purpose.

From the discussion already had it is entirely obvious that the judge erred in denying the motion made by the defendant's counsel for a nonsuit, upon the ground that it was not shown that the defendant, at the time of the execution and delivery of the deed, had an easement or a right to drain into the sewer in question the privy and sink deposits; that they were not mentioned in the deed, and that there was nothing to show the intent to convey such right to the plaintiff, and also in refusing to charge as requested by the defendant's counsel, that the plaintiff must show that the defendant had an easement and right to drain the privy and sink deposits upon the lands of Albertson at the time of the delivery of the deed.

Another question is raised as to the effect of a settlement alleged to have been made between the parties. It was proved upon the trial that Albertson commenced an injunction suit against the plaintiff to perpetually restrain the use of the main sewer for the purpose of draining the water-closet, and discharging the drainage upon the land of Albertson, and the defendant entered into an agreement with the attorney of the plaintiff, by which he obligated himself to pay the plaintiff all damages and costs which should be adjudged in said suit; also to dig and stone up a cess-pool upon the premises, and to connect the pipes of the water-closet in the house with the same. This agreement was fulfilled by the defendant, and all damages and costs paid. We are unable to see, if actually made as a set-

tlement, why it was not final between the parties, and a waiver of the plaintiff's claim to recover damages in this action. The difficulty, however, is that, while the question whether the agreement was made as a full settlement of the plaintiff's claim was submitted to the jury by the judge in his charge, no distinct point appears to have been raised or exception taken as to its legal effect, and therefore we are not called upon to determine whether it was conclusive. Without passing upon this question for the errors which have been discussed, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except FOLGER, Ch. J., absent at argument.

Judgment reversed.