JACOB F. HUBER et al., executors,

*v.*

CORNELIA MOHN et al.

A testator gave the use of all of his property to his wife for life, and to his son, after her decease, his homestead and twelve acres of land, " together with the whole stock of farming utensils, horses and all other animals, wagons, harness, with all the appurtenances belonging to said farm and homestead," and also all the furniture &c. in the said homestead as the same should be at his " said wife's decease." Testator died in 1882, his wife before him in 1873.— *Held*, that the homestead and twelve acres of land vested in the son at the testator's death ; also the furniture &c., as it was then ; also certain hot-bed sashes which were considered by the testator appurtenances ; but not the hay, loose bedding for animals and manure not spread on the ground.

Bill for construction of will. On final hearing.

*Mr. A. J. Smith,* for complainants.

THE CHANCELLOR.

The bill is filed by the executors of Frederick Huber, deceased, for a construction of his will, and for directions. The testator, by his will dated May 18th, 1871, gave to his wife all his real and personal estate, to be used and enjoyed by her during the term of her natural life, and gave to his son, Jacob Frederick, from and immediately after her decease, his homestead, with twelve acres of land, to be set off from his other land, " together with the whole stock of farming utensils, horses, and all other animals, wagons, harness, with all the appurtenances belonging to the said farm and homestead ; and also all the furniture of the parlor and that of one bed-room, including beds and bedding in the said homestead, as the same" should be at his " said wife's decease." At the date of the will and at his death his real property consisted of his " homestead " and about fifty-four acres of land. By the term " homestead" in the will he appears to have meant his dwelling-house, and the twelve acres

Huber *v.* Mohn.

given to his son with it was land around it.   He died on August 5th, 1882.   His wife predeceased him by about nine years.   She died in August, 1873.

The questions presented are, Whether the gift of the whole stock of farming utensils &c. is void by reason of the death of the testator's wife in his lifetime, and if not, whether Jacob is entitled under it to all the articles within the description which were on the farm at the testator's death, or to those only which were there when the testator's wife died; and whether, if he be entitled to anything under the gift, the fowls on the farm, the hot-bed sashes, hay, loose bedding for animals and manure on the property, pass to him thereunder.

The property in the homestead and twelve acres of land, and the farming utensils &c., vested in Jacob at the death of the testator.   The will, by its terms, gave it to him, subject to the life estate of the testator's wife therein, but by her death in the lifetime of the testator the gift to her lapsed, and Jacob, at the testator's death, at once became the owner of the property.   The qualifying words "as the same shall be at my said wife's decease," if they were held to apply to the gift of the farming utensils &c. (they do not), would make no difference.   The testator by those words referred to the termination of his wife's interest under the will, the end of her life estate.   But she did not survive him, and therefore had no estate or interest in the property under the will.   Those words refer only to the furniture in connection with which they are used.   Jacob is entitled to the articles which answered the description of the gift at the death of the testator.

The hot-bed sashes are, according to the testator's meaning, appurtenances of the farm.   The hay, loose bedding for animals, and manure (not spread on the ground) do not pass by the gift under consideration.   The fowls do.   The gift, by its terms, includes all animals on the farm.