Finch, J.
The first question presented by this appeal is as to the ownership of an award of damages for the closing of the Bloomingdale road. That road ceased to be a public highway in March, 1868, when Edward and William Henry King were the owners of premises injured by the closing, and who, under the provisions of the statute, became entitled to all damages which might be awarded for the injury done, The right to those damages at once accrued,, and, although they were not fixed and ascertained until after the conveyance by the Kings to Brennan, and by the latter to the trustees of the cathedral, the fact does not alter the character of their right as a personal one, vested in them at the closing of the road.. When paid, it relates back to the original debt which accrued at that time. That right remained theirs, and passed to the plaintiffs as their representatives, unless it was transferred by the deed of the premises executed by the Kings to Brennan. It was not in terms embraced in the deed, and was a mere right of action *402 not running with the land. The damages were like those which follow a trespass or a wrongful taking of property, although the wrong is made rightful by the legislative authority, and the damages are awarded as compensation. That has been held in cases where a railroad corporation has taken an owner’s land, and thereafter, but before actual assessment, the owner conveyed the land. The assessed damages have been awarded to the owner as not passing by the deed. Schuylkill Navigation Co. v. Decker, 2 Watts, 343; McFadden v. Johnson, 72 Pa. St.,335.
The argument here made is this : That the deed to Brennan bounded the lands by the Bloomingdale road; that such description conveyed an easement in the highway; that the damages awarded were compensation for that easement lost and destroyed, and so passed by the deed as substitute and equivalent for the easement. The argument is unsound for two reasons : Merely bounding premises by a public highway for purposes of description, and where it is referred to as any fixed mark or monument might be, is very different from selling by reference to a map or plat on which the grantor has laid out streets and made a dedication, and exposed himself to the equities of an estoppel. And then the road was in fact closed when the deed was made to Brennan, who knew-, or was bound to know, that the public highway no longer existed, and must be presumed to have bought and fixed his price in view of that fact. The courts below, therefore, correctly held that the award belonged to the plaintiffs.
Nor was the estate of the grantors hable for any breach of covenant in respect to the Bloomingdale road. ' No express covenant that it was a public highway, or should sox remain, was contained in the deed, and the statute forbids that any should be implied. The covenant of warranty we have held to be commensurate with the grant, and therefore not applicable to an easement not in fact conveyed, and much less to one not even in existence and known to have been destroyed by express enactment when the conveyance was made. The only easement which by possibility could be even claimed from the words of the deed, if construed as more than mere description, would be a right in common with the public over a public highway, and that, if it existed, the grantor could not effectually convey, and so it could not be appurtenant to the land, and pass by the use of that phrase; and what did not pass by force of the grant is not covered by the warranty. Green v. Collins, 86 N. Y., 246.
The conclusion that the estate represented by plaintiffs was not hable for a breach of warranty was therefore correct. The judgment should be affirmed, with costs.
All concur, except Raparlo, J., absent.