Buck *v.* Backarack.

FRANK BUCK et al.

*v.*

SIMON BACKARACK et al.

A deed contained a covenant that the grantees should not erect any build-ing on the premises within thirty feet of the adjoining· street, and the grantor· made a similar stipulation as to any buildings to be erected by himself and his subsequent grantees on the adjacent lands. At the time the deed was executed. there were several bath-houses standing on the grantor's adjoining lot and within thirty feet of the street, as the grantees then knew, which bath-houses belonged to a tenant of the grantor. The sea afterwards washed some of them away. The grantees' bill alleges that the lease has expired, and that their· grantor and his tenant are negotiating for a renewal thereof, and prays that the defendants may be enjoined from re-erecting any bath-houses on the thirty-foot strip in violation of the covenant, and also that the bath-houses remaining on the strip be removed.—*Held,* (1) that in the absence of a specific averment that the defendants intend or threaten to violate the covenant by erecting bath-houses within the prescribed limit, no injunction can issue ; (2) that a strict construction of the covenant limits its application to erections thereafter put up; but, even if this were not so, the existence of the bath-houses, known to· the grantees when they accepted their deed, estops them equitably from now asking for the removal of those that remain.

On bill for injunction, and answer.

*Mr. A. B. Endicott,* for the complainants.

*Mr. J. B. Nixon,* for the defendants.

. BIRD, V. C.

Backarack was the owner of land on Virginia avenue, in Atlantic City, a sea-side resort. The avenue extended to the ocean. He sold and conveyed to the complainants a parcel thereof, in width on said avenue one hundred feet, with a depth of one hundred and sixty-five feet. The deed contained this clause :

"2. Provided, however, that this conveyance is made subject to this express condition, covenant, restriction and agreement, that any building or buildings to be erected on said premises shall, on the front line or bay-window projection thereof, be set back from the easterly line of said Virginia avenue not less than thirty feet, and that the said building or buildings, so to be erected on said premises, shall never be used for any unlawful purposes, or for or as a store or storage-house; and that the above conditions, covenants, restrictions and agreement in regard to said premises, shall attach to and run with the land and bind all future owners. And the said Samuel Backarack, for himself, his heirs, executors and administrators, doth covenant and agree to and with said grantees, their heirs and assigns, that he shall and will, in every deed of conveyance of any land now owned by him fronting on said easterly line of Virginia avenue, hereafter made by him, or any of them, insert and include conditions, covenants, restrictions and agreements, to the same effect in all respects as the above."

The complainants also purchased another lot of the same dimensions, adjoining the one above referred to, and on the ocean side thereof, for the sum of $8,000, under an agreement in which the like covenants are secured to the complainants that are mentioned above. The defendant, Backarack, has conveyed other lots of the same tract, in which similar conditions are contained.

The complainants, relying on the said covenants, and understanding that the said thirty feet eastwardly to the ocean would always be kept open and unobstructed, at an expense of $35,000, built and furnished a boarding-house on the lot first above mentioned, placing it thirty feet from said easterly line on said avenue.

Backarack had given to Adams, a defendant, a lease of a portion of the land covered by the said covenants, and immediately on the ocean, the westerly line of which was within fifty feet of the land so agreed to be conveyed to the complainants, as last men-

tioned, with the privilege of the said Adams erecting bath-houses thereon.  The said Adams had then erected bath-houses thereon. Recent tides have destroyed several of these bath-houses, and the said lease has expired ; but the said Backarack is now negotiating with the said Adams for another lease of the same land and premises.  There is no statement that the said proposed lease is to contain any covenant that the lessee may build bath-houses on the same place where the others stood which have been washed away, or, indeed, to build any.

An injunction is asked for restraining the said Backarack and Adams from entering into any agreement for the leasing of the said land, unless it be upon the express condition and restriction that no bath-houses, booths or other buildings or obstructions shall be placed upon said land within thirty feet of the said easterly line of the said avenue, and also commanding the said Backarack and Adams to remove those now standing there.

The answer of Backarack and Adams admits all of the allegations in said bill, and adds that the agreement for the lease with Adams contains the stipulations mentioned in the said bill, which are in the deed of the complainants, and are copied in the said bill.  But the answer does not notice what seems to be a defect in the said bill, that there is no charge in the bill that the said lease contains any clause in violation of the covenants in the said deed of the complainants, or that any other means have been devised by the said defendants to avoid the effect or consequences of the said covenants, or that the said Adams threatens to proceed to rebuild the said bath-houses, or in any other manner to violate the said covenants, in letter or in spirit.

The answer simply notices the fact and alleges that the language of the said covenant is in respect to the *future*, and has no reference to the *present* condition of the said premises.  And on these allegations the case comes on to be heard.

The covenant with the complainants is, that any building to be erected on the said lot sold to them shall be thirty feet from the said easterly line of Virginia avenue, and that similar covenants shall be inserted in all other conveyances to others of any portion of the said premises remaining in Backarack.

Buck *v.* Backarack.

1. In the absence of any allegation in the bill that it is the intention of the defendants to violate the said covenant by building the said bath-houses, the court certainly cannot send its prohibitory writ requiring them not to build. Some injury must be threatened in cases where it is not already being inflicted, and it must be distinctly alleged. In this case, as has been seen, the lease is to contain the very covenants expressed in the said deed of the complainants.

2. Would it be equitable to command the defendants, or either of them, to remove the bath-houses already there? They were there at the time of the sale of the said lots to the complainants, and within fifty feet of the last-mentioned lot, which adjoins the former. I cannot conclude that the covenant between these parties requires the defendants, or either of them, to remove the bath-houses erected at the time of the making of the said covenants. The language is, that any building or buildings *to be* erected. There is no covenant to remove any buildings then standing on the said premises, and I am unable to conclude that a covenant arises by implication that the said bath-houses were to be removed.

But what is the effect upon the rights of the complainants of the existence of these bath-houses on the premises included in the said covenant, in open view of the grantees and covenantees at the time they took their deed, from an equitable standpoint? I think that their presence within a few feet of the ground which the complainants purchased, and on the ground over which they were also purchasing an easement, has a very material bearing on the case against the complainants. And this is especially so when it is considered that the rights of third parties were involved. It seems to me that where a purchaser secures, by his deed, the benefit of a sea-view over the remaining land of the grantor, upon which there are, at the time of the sale, buildings which obstruct that view to some extent, and which are in plain sight and known to the purchaser, and which are in the possession of a third party by virtue of a lease, such purchaser cannot have such buildings removed by a mandatory injunction, even though his deed provides that no building shall

Buck *v.* Backarack.

be erected on said premises. To this extent, I think the doctrine of *caveat emptor* applies. *Sugd. Vend. & P. p. 378 § 4; Old-field* v. *Round, 5 Ves. 508* (in which case specific performance was decreed, though there was a way around and across the meadow purchased); *Rawle Cov. Tit. (4th ed.) 693, 694 and notes; Seymour* v. *Lewis, 2 Beas. 439; Kutz* v. *McCune, 22 Wis. 628 (99 Am. Dec. 85)*, which strongly supports the doctrine that purchasers buy with reference to the physical condition of the premises at the time of purchase; *Washb. Easm. 36, 47–50; Dunklee* v. *Wilton R. R., 24 N. H. 489, 496.*

I have only looked at this question from an equitable point of view, it being no part of my duty to consider the legal rights of the parties under the covenant which they rest upon.

The injunction will be denied, and the bill dismissed, with costs.