Complainant's bill is filed to establish a right of way across defendant's lands and to have defendant enjoined from closing or obstructing it in any way.
Complainant is the owner of a lot of land facing on Highland avenue, a public street, in Montclair, and his lot is about eighty-five feet from Claremont avenue, another public street. The bill alleges that complainant is entitled to a right of way to and from his property to Claremont avenue over the adjoining lot owned by the defendant on the corner of Claremont and Highland avenues.
The alleged right of way is claimed to be about eight or ten feet in width, and runs in a diagonal direction from complainant's property across the middle of defendant's lot to Claremont avenue. Defendant's lot is about eighty-five feet in width and about one hundred and fifty feet deep.
At the conclusion of the hearing counsel for complainant insisted that he had shown that the way in question was a public thoroughfare, and rested his case on that contention. Notwithstanding this contention, which is without the slightest evidence to support it, I find from the pleadings and proofs that complainant also bases his claim for relief on the allegation that the right of way is an easement by necessity, and, also, by prescription.
The proofs do not show any necessity for the way such as complainant claims; aside from his personal preference, the way claimed does not appear to be any more desirable than *Page 543 
the present access, which complainant has to and from his lot by way of Highland avenue, and the way now claimed is certainly not as short, nor as convenient as would be complainant's use of Highland avenue, for the use of the way now claimed would require complainant to travel over an unimproved land for a distance of about ninety feet to reach Claremont avenue, while he can reach Claremont avenue from any part of his lot by going through the improved street known as Highland avenue and traveling but about eighty-five feet.
The remaining claim of complainant that the right of way is a prescriptive easement is based upon the following circumstances:
The lots called in the record A and B are owned, respectively, by complainant and defendant, and they, together with two other lots called C and D, were owned as one tract by the Parkhurst estate from 1859 to 1901. In 1901 lots A, B and C, as part of the Parkhurst tract, were purchased by Margaret Cooper, who owned and used them as one tract until her death. Her daughter, Frances Cooper, inherited the three lots intact, and she conveyed them in 1911 to the Roseville Construction Company. This company, in 1912, laid out the tract and other property into lots, including the lots in question, and conveyed the lot it had designated as A, now owned by complainant, to a Mrs. Gaylord, and thereby, for the first time since 1859, a severance was produced in the ownership of the title to the lots called A, B and C.
The proofs further show that for more than thirty years there has been a large dwelling-house, sometimes used as a boarding-house, on that part of the tract which is now complainant's lot; that the owners of this tract of land and the occupants of this house, visitors to it, and tradesmen in making deliveries to it, crossed that part of the tract that is now defendant's lot B, to and from Claremont avenue, and that such persons crossed this lot on foot and in vehicles at about the point where the lane is now located and the right of way is claimed, as did others occasionally who desired to *Page 544 
reach those parts of the tract which are now designated as lots C or D. The proofs further show that for some years the surface of the roadway or lane has been covered with broken stone or ashes, and that a boardwalk about two feet in width has been built along one side of it.
This is the extent of the use to which lot B, now owned by defendant, has been subject.
In support of complainant's contention for a prescriptive easement, emphasis is laid upon the following provision contained in the deed to complainant for lot A, and, presumably, contained in the deeds of his predecessors in title, viz.: "Together with all and singular the houses, buildings, trees, ways, waters, profits, privileges and advantages with the appurtenances to the same belonging or in any way appertaining."
From what has been stated, it is apparent that complainant's claim rests upon the contention that prior to the severance of title the several owners of the tract from which lots A, B and C have been sold, in crossing that part of the tract now called lot A to get to lot B from Claremont avenue, made an adverse use of lot A; that this use during thirty or more years ripened into a prescriptive easement that has continued to the present time, and that has inured to complainant's benefit, and entitles him to the relief he now seeks.
This contention ignores, of course, the fact that a man cannot, by mere user of part of his property, create an easement therein for the benefit of the rest of his property. Such user would not, and, of course, could not, be adverse, or in opposition to the title or right of the owner of the entire property. SeeStuyvesant v. Woodruff, 21 N.J. Law 133; Fetters v.Humphreys, 18 N.J. Eq. 260; affirmed, 19 N.J. Eq. 471; Kelly v.Dunning, 43 N.J. Eq. 62; Larsen v. Peterson, 53 N.J. Eq. 88.
In Stuyvesant v. Woodruff, supra, Mr. Justice Whitehead, in delivering the opinion of the supreme court, said:
"I can find no case in which it has been decided that the grantee of a part of a tract of land has a right of way over the remaining lands of the grantor merely because the *Page 545 
grantor before severance was accustomed to pass over the granted premises to the public highway."
As the severance of title to the properties owned, respectively, by the parties did not occur until 1912, there is, of course, no proof of an adverse, uninterrupted use of the way for the required period of twenty years by complainant and those under whom he claims.
Complainant's contention, which is based on the quoted provision of his deed, also ignores the fact that the easement of a right of way is not what the law calls an apparent or continuous easement, such as a drain, or ditch, or eaves of a roof, or a water course, or anything which is continuously in service, and is something that can always be seen or may become known on careful inspection, and which passes as appurtenant without the use of the word "appurtenant," upon the severance of the title to the dominant and servient tenements. A mere right of way which is not apparent and continuous, and which is enjoyed at intervals, leaving no visible sign, in the interim, of its existence, is not such an easement as will be included in and pass under the term appurtenances, unless the grantor uses language sufficient to create the easement de novo. Seymour v.Lewis, 13 N.J. Eq. 439; Fetters v. Humphreys, supra; affirmed,supra; De Luze v. Bradbury, 25 N.J. Eq. 70; Denton v.Leddell, 23 N.J. Eq. 64; C.R.R. v. Valentine,29 N.J. Law 561.
And the court of errors and appeals, in affirming this court inFetters v. Humphreys, 19 Eq. 471 (at p. 476), held —
"A way comes within the description of a non-apparent easement. If existent before the seizin of the two tenements is united in the same person, it is extinguished by such unity of seizin, and whether it was a pre-existent right of way, or is a way opened by the owner and used by him for the convenient occupation and enjoyment of the premises, it has no legal existence during the continuance of the unity of seizin."
And an easement for a right of way such as complainant now seeks will not arise by implication unless necessary to the *Page 546 
beneficial enjoyment of the land granted or retained. And, as stated, such necessity is not shown by the record. See, also,Brakely v. Sharp, 9 N.J. Eq. 1, and 10 N.J. Eq. 206;Stuyvesant v. Woodruff, supra; Taylor v. Wright, 76 N.J. Eq. 121.
In Stuyvesant v. Woodruff, supra, it was also held that the general rule was that an ordinary right of way does not pass upon the severance of title and possession, unless the grantor uses language in the conveyance showing that he intended to create the easement de novo.
And in the absence of such expressed intention the grantor holds the remaining part of his premises discharged from all the easements, except such as arise from the necessity of the case.
In Whalen v. Manchester Land Co., 65 N.J. Law 206, it was held that an easement that was not apparent and continuous would not pass as appurtenant upon the severance of title, and Vice-Chancellor Stevens, in Hazeldine v. McVey, 67 N.J. Eq. 275,
held that it was perfectly well settled that a right of way will not be created or pass by the mere use of the word appurtenances, and, therefore, the provision of complainant's deed, upon which he relies, does not entitle him to the relief he seeks. The record in the case fails to establish any of the essential elements of the easement claimed by complainants, viz. — first the continuous and adverse enjoyment of the right of way in question and its apparent obvious existence for so long as to justify the implication it was intended to be permanent; orsecond, the severance of title between the dominant and servient tenements under such terms or conditions as would continue, or would create the easement de novo; or third, that the easement claimed is necessary for the beneficial enjoyment of complainant's property.
 I will advise that the bill be dismissed. *Page 547