43 N.J. Super. 361 (1957)
128 A.2d 705
RAYMOND J. POTTER AND MURIEL C. POTTER, PLAINTIFFS-RESPONDENTS,
v.
ALVIN A. HILL AND MARGARET E. HILL, DEFENDANTS AND THIRD PARTY PLAINTIFFS-CROSS-APPELLANTS,
v.
GEORGE H. GROLLEMUND AND ELEANOR F. GROLLEMUND, THIRD PARTY DEFENDANTS, AND FOURTH PARTY PLAINTIFFS-RESPONDENTS,
v.
NEWTON TRUST COMPANY, A BANKING CORPORATION OF NEW JERSEY, FOURTH PARTY DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 17, 1956.
Decided January 16, 1957.
*362 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. S. Herman Cohen argued the cause for plaintiffs-respondents.
Mr. James E. Quinn argued the cause for Alvin A. Hill and Margaret E. Hill, defendants and third-party plaintiffs-cross-appellants (Mr. Ferdinand J. Biunno, attorney), and Newton Trust Company, fourth-party defendant-appellant (Messrs. Morris, Downing & Sherred, attorneys).
Mr. Benjamin Franklin, 3rd, argued the cause for George H. Grollemund and Eleanor F. Grollemund, third-party defendants and fourth-party plaintiffs-respondents (Messrs. Jeffers, Mountain and Franklin, attorneys).
*363 The opinion of the court was delivered by CLAPP, S.J.A.D.
This action was brought in a county district court by Raymond J. Potter and Muriel C. Potter, grantees under a certain deed, against Alvin A. Hill and Margaret E. Hill, their grantors, for breach of a covenant of warranty found in the deed. The covenant reads as follows:
"* * * And the said parties of the first part, their heirs, shall and will warrant and by these presents forever defend the above described and hereby granted and released premises, and very part and parcel thereof, with the appurtenances, unto the said party of the second part * * *." (Italics added.)
The plumbing in the house erected on the premises was, at the time of the deed, connected to a cesspool, which was located on adjoining premises. However the location of the cesspool and the connections leading to it were not visible, and the fact that the cesspool was not on the property conveyed was at the time unknown to the plaintiffs. The record is very sketchy. We are not advised as to whether or not the plaintiffs knew or assumed that the plumbing was connected to a cesspool; but presumably the immediate area is one in which there are no public sanitary sewers. It should be added that we find in the record not the slightest suggestion of any misrepresentation on the part of any one as to the location of the cesspool or as to any other matter.
Plaintiffs conceded on the argument before us that at the time the owners of the adjoining property took title, there was nothing to put them on notice that the cesspool was located thereon. Furthermore, plaintiffs stated on the argument that they (the plaintiffs) make no claim that they or the defendants were entitled to an easement, either continuous and apparent, or of any other sort, in the adjoining property with respect to the cesspool.
Shortly after the plaintiffs took title the owners of the adjoining property ordered them to stop using the cesspool, and as a result plaintiffs built a septic tank on their own *364 property and brought this suit against the defendants, the Hills, for the damages they were put to. The Hills thereupon filed a third-party complaint against George H. Grollemund and Eleanor F. Grollemund, their own grantors, for breach of a covenant of warranty found in the deed into them. They sought thereby to recover from the Grollemunds any damage they should suffer as a result of plaintiffs' claims. In turn the Grollemunds filed a fourth-party complaint against Newton Trust Company, their grantor, for breach of a covenant of warranty found in the deed into them, thereby seeking to recover from the Trust Company any damage to which they should be subjected.
The court gave judgment in favor of the plaintiffs against Mrs. Hill for $575, the amount of the damages as stipulated to by counsel; in favor of Mrs. Hill against the Grollemunds for that amount; and in favor of the Grollemunds against the Newton Trust Company for a like amount. The Trust Company appeals and the Hills file a cross-appeal, asking for appellate relief in the event that the Trust Company is successful on its appeal. But, it is to be observed, the Grollemunds did not appeal.
The theory of plaintiffs' case, as stated in their brief, seems to be this. They seem to claim that the word "appurtenances" contained in the above-quoted covenant is to be taken as a warranty that defendants, the Hills, were conveying to them all things essential to the full enjoyment of the property, whether or not such things were owned by defendants; that a cesspool is essential thereto in this case; and that (particularly in view of the fact that defendants had no right to make use of the cesspool on any neighboring land) the covenant here is to be taken as a warranty that there was a cesspool within the confines of the property conveyed by the deed. The trial court failed to comply with R.R. 7:16-3, but we are informed that it adopted plaintiffs' theory.
The word "appurtenances" in a deed ordinarily has reference to things of an incorporeal nature (4 Tiffany, Real Property (1939), § 998; 1Thompson, Real Property *365 (1939), 535, 541; 6 C.J.S., p. 136), though in special circumstances it may apply to things "usually enjoyed with" the premises. Tiffany, supra; cf. Huber v. Mohn, 37 N.J. Eq. 432 (Ch. 1883); Millville Imp. Co. v. Millville Water Co., 92 N.J. Eq. 480, 484 (Ch. 1921); Stuyvesant v. Woodruff, 21 N.J.L. 133, 155 (Sup. Ct. 1847). However, there is nothing in this deed upon which to hang any such special significance.
In Green v. Collins, 86 N.Y. 246, 254 (Ct. App. 1881), the facts bear close resemblance to those presented here, although the contentions there differ somewhat from those before us. However, the court in that case did hold that the word "appurtenances," found in the deed from the defendant to the plaintiff, could not be construed as having reference to a private sewer or cesspool, notwithstanding that there (as here) a water closet in the house on the premises conveyed was, at the time of the conveyance, connected with a private sewer on the adjoining premises and could not be used without the sewer.
It goes altogether too far to say that by the mere use of the word "appurtenances" plaintiffs' grantors here warranted that they conveyed everything essential to the premises, to wit, a cesspool, whether or not they owned the same. As to the effect of the doctrine of caveat emptor in connection with real property transactions, see Phillips v. Mayor, etc., of City of Hudson, 31 N.J.L. 143, 152, 156 (Sup. Ct. 1864); Buck v. Backarack, 45 N.J. Eq. 557 (Ch. 1889); Eckman v. Beihl, 116 N.J.L. 308, 315 (Sup. Ct. 1936); La Freda v. Woodward, 125 N.J.L. 489, 493 (E. & A. 1940); Daniels v. Brunton, 7 N.J. 102, 106 (1951); 4 American Law of Property 651 (1952); Bouvier's Law Dictionary (Baldwin's ed. 1948), "Caveat Emptor."
Under a rule, repeatedly stated, the operation of the word "appurtenances" is generally confined to an existing right and is not to be understood as creating a new one. Stuyvesant v. Woodruff, 21 N.J.L. 133, 152 (Sup. Ct. 1847); Hazeldine v. McVey, 67 N.J. Eq. 275, 277 (Ch. *366 1904); Georke Co. v. Wadsworth, 73 N.J. Eq. 448, 453 (Ch. 1907); Faas v. Wallwork, 96 N.J. Eq. 541, 545 (Ch. 1924); Green v. Collins, 86 N.Y. 246, 252, 253, supra. Somewhat analogously, it may be said that in the present context the word cannot be taken to refer to something (to wit, a cesspool on the lands conveyed) which is not in fact in existence.
There is another issue in the case, namely, whether there has been an eviction of the plaintiffs, sufficient to give rise to a breach of the covenant of warranty. But this need not be considered.
Reversed, with direction to enter judgment for the defendants and the fourth party defendant.
The question then arises, what relief can be given the Grollemunds? Mrs. Hill took a judgment against them by reason of the fact that plaintiffs had first secured a judgment against her. Where one judgment is founded on a prior one and the "prior judgment * * * upon which it is based has been reversed," the later judgment may be vacated. R.R. 4:62-2(e); 7 Moore Federal Practice (2d ed.), 282. The Grollemunds ask us for relief, though as above stated they have not appealed. We have decided that we will of our own motion exercise our original jurisdiction and vacate Mrs. Hill's judgment against the Grollemunds.
A special form of mandate will have to be submitted.