E & K AGENCY, INC., PLAINTIFF-APPELLANT, v. GEORGE VAN DYKE AND THEODORE SOFIELD, DEFENDANTS-RESPONDENTS.

Argued October 27, 1971—Decided February 1, 1972.

*Mr. Alan C. Sugarman* argued the cause for appellant.

*Mr. James M. Coleman, Jr.,* argued the cause for respondent Sofield (*Messrs. Patterson, Cooper and Coleman,* attorneys; *Mr. R. Scott Buist,* on the brief).

The opinion of the Court was delivered by

MOUNTAIN, J. This case has had a long and rather complicated procedural history which must be briefly reviewed.

George W. Van Dyke and Theodore Sofield, defendants in the action, were the beneficial owners of the stock of several corporations which, in turn, owned valuable waterfront land. This property was listed for sale with the plaintiff real estate agency in March, 1965. Efforts to sell the land resulted in the execution and delivery of a contract in August, 1965 with prospective purchasers named Lane and Sherman. Just before the contract was executed, a brokerage commission agreement was signed by each defendant individually and by plaintiff. It provided that the commission, in the agreed amount of $19,125, would become payable "on closing of title." The contract with Lane and Sherman was expressly conditioned upon the sellers successfully clearing a tidelands title problem with the State of New Jersey. This they were apparently never able to do. Eventually they brought suit against the contract purchasers seeking specific performance, but this relief was denied and Lane and Sherman, on their counterclaim, succeeded in recovering the down payment.

Plaintiff instituted suit for the recovery of commissions in June, 1966. Defendants filed an answer which generally denied the allegations of the complaint and set up as a separate defense that no commissions were due since title had never closed. Each side moved for summary judgment. Plaintiff's motion was successful. Defendants sought reargument and reconsideration of the respective motions. A further hearing was in fact held, but the court adhered to its original ruling and in August, 1967, summary judgment was entered in plaintiff's favor.

Thereafter a timely notice of appeal from this judgment was filed, but only in the name of defendant, Van Dyke. Through inadvertence or a misunderstanding, no appeal was taken on behalf of defendant, Sofield. He appears to have learned of this oversight only when plaintiff initiated supplementary proceedings against him looking to a satisfaction of the judgment. After a levy had been made on his bank account, Sofield, with plaintiff's consent, placed in escrow a sum equal to the amount of the judgment and at once applied to the Appellate Division for leave to join the appeal of Van Dyke which was then pending in that court. Leave was granted by order entered March 11, 1968. Sofield's motion to be permitted to join in the appeal was vigorously contested by plaintiff who argued that its allowance improperly extended Sofield's time to appeal contrary to our rules of court. It is this action of the Appellate Division that forms the basis of appellant's argument before us.

On April 1, 1968, the Appellate Division reversed the summary judgment that had been entered in plaintiff's favor, the reversal, since Sofield was now party to the appeal, affecting the judgment as to both defendants. This court denied plaintiff's application for certification. 51 *N. J.* 577 (1968).

Upon the retrial, the judge, relying on *Ellsworth Dobbs, Inc. v. Johnson,* 50 *N. J.* 528 (1967), dismissed the suit at the conclusion of plaintiff's case, whereupon plaintiff filed notices of appeal both to the Appellate Division and to this

court. On December 9, 1969, the appeal to this court was dismissed for the reason that the order from which the appeal was taken was not a final judgment on the merits and not appealable as of right. However, as plaintiff's brief tells us, the dismissal was accompanied by an "oral statement in open Court that the Plaintiff's right of Appeal would be preserved pending the final determination of the Appellate Division." On January 8, 1970, in an unreported opinion, the Appellate Division affirmed the trial court's dismissal of plaintiff's complaint.

Appellant's argument before us may be simply stated. It recovered a judgment against both Van Dyke and Sofield. The latter took no appeal therefrom within the prescribed time period. Hence, even if the reversal of the judgment as to Van Dyke was correct, the judgment against Sofield should have been allowed to stand; the action of the Appellate Division in allowing Sofield to join in Van Dyke's appeal and then reversing the judgment as to Sofield as well as to Van Dyke, was improper, as it extended, at plaintiff's expense, a right of review which Sofield had forfeited by his failure to file timely notice of appeal.

██ We affirm the judgment below. Our affirmance is based upon the conclusion that whether or not the Appellate Division granted Sofield's motion to become a party to the then pending appeal, the timely appeal taken by Van Dyke and the consequent reversal as to him, would in itself have required a reversal of the judgment against Sofield. This results from the application of a doctrine which at first seems to have taken the form of a somewhat technical rule of appellate practice, but which today is more often announced as a general function of appellate review, found to rest broadly upon the obligation of the judicial system to accomplish full and complete justice. The rule is that where reversal of a judgment eliminates all basis for recovery against a nonappealing party, as well as against the party who has appealed, the benefit of the judgment will be made available to all alike.

At common law it was generally stated that as a matter of appellate practice, where a judgment was *jointly* binding upon several persons and fewer than all the judgment debtors appealed, a reversal of the judgment would inure to the benefit of non-appealing judgment debtors.

Where a judgment is against two or more persons, one only of whom appeals, its reversal, if the judgment was binding upon the defendants jointly, or if all must co-operate in complying with the judgment, affects the parties who did not appeal to the same extent as those who did. . . . [2 *Freeman on Judgments* (5th ed.) § 1167, p. 2418]

Where there has been a joint judgment or decree against several, the effect of an appeal or writ of error by one or more, when it is permitted, without the concurrence of their coparties, is to carry up the whole case, and a reversal will inure to the benefit of all. [4 *C. J. S. Appeal and Error* § 393, p. 1332]

Here the obligation of the defendants, Van Dyke and Sofield, was joint or perhaps joint and several. They appear to have been joint venturers in a land speculation, they owned the beneficial interest in the property jointly and as such joint owners and would-be vendors signed the contract of sale and the commission agreement. The judgment originally entered against them was a joint judgment or perhaps more accurately may be said to have been jointly binding. Hence, under this rule, Van Dyke's timely perfected appeal carried up the whole case and the reversal in the Appellate Division inured to Sofield's benefit, regardless of whether he was or was not allowed to join in the appeal.

But, as suggested above, we think the correctness of the action of the court below rests upon a much broader ground than adherence to a rule of common law procedure. In the exercise of its appellate jurisdiction a reviewing court has the power and indeed the duty to make such ultimate disposition of a case as justice requires. Here it has been finally held, after being twice heard at the trial level and twice reviewed on appeal, that plaintiff's claim is groundless. The basis for the asserted contention against each defendant

is the same. It would indeed be a travesty of justice were plaintiff to be allowed to satisfy a substantial claim of this nature against one defendant when the courts of the State have gone to no small pains to reach a deliberate determination that the claim is without merit. Appellate courts of this State, in line with those of many others, have recognized the responsibility of appellate review as including a requirement that the ultimate disposition of a case be just, not only as to parties directly before the reviewing court but also as to others who will perforce be affected by the action of the court. This solicitude has been expressly extended to parties to the litigation who have not appealed but who in all justice should be afforded the benefits of the upper court ruling.

*Potter v. Hill,* 43 *N. J. Super.* 361 (App. Div. 1957) presented such a case. Plaintiff sued his grantor, Hill, claiming breach of a covenant contained in his deed. Hill thereupon joined his grantor, Grollemund, seeking thereby to recover any damages that he might suffer as a result of plaintiff's action. Grollemund, in turn, joined his grantor, Newton Trust Company, that he might be similarly indemnified for any loss to which he might be put. The trial court gave judgment in favor of plaintiff against Hill in the amount of $575, in favor of Hill against Grollemund in like amount and in favor of Grollemund against Newton Trust Company, also for the same sum. Hill and Newton Trust Company appealed, but Grollemund did not. Plaintiff's judgment against Hill and the judgment against the bank were reversed. This left standing Hill's judgment against Grollemund, who had not appealed. The meritorious issue had been the same as between each grantee and grantor. Had Grollemund appealed, the judgment against him would have fallen. Judge Clapp's opinion concludes, "The Grollemunds ask us for relief, though as above stated they have not appealed. We have decided that we will of our own motion exercise our original jurisdiction and vacate Mrs. Hill's judgment against the Grollemunds." 43 *N. J. Super.* at 366.

In *Greenberg v. Stanley,* 30 *N. J.* 485 (1959), this court, in referring to the power of an appellate tribunal to achieve "fundamental justice under the peculiar facts and circumstances of the case," said

Speaking broadly, there has been no hesitation to utilize the power in the interests of fairness in many varied types of situations where the reversible error found affected less than all of the parties involved or *all of the affected parties had not appealed or some like circumstance existed, but in which it would be unjust to some party to allow judgments to stand in favor of or against the non-affected or non-appealing parties.* (citing cases, including *Potter v. Hill, supra*) [30 *N. J.* at 504–5; emphasis added]

*In re Barnett,* 124 *F.* 2d 1005 (2d. Cir. 1942) presented the question as to whether a particular assignment made by a bankrupt could be successfully attacked by the trustee in bankruptcy. The District Court held the assignment invalid and the bankrupt appealed. The person to whom the assignment had been made did not appeal. The Court of Appeals reversed, holding the assignment to have been properly made and invulnerable to attack by the trustee. It noted, however, that the reversal, without more, would leave open and viable the judgment that had been entered below against the non-appealing assignee. Judge Frank observed that,

[s]everal courts have recognized that, where reversal of a judgment wipes out all basis for recovery against a non-appealing, as well as against an appealing, defendant, the reversal may operate to the benefit of both. [124 *F.* 2d at 1009]

The court held that in the case before it, the judgment rendered by the appellate tribunal should be given this effect in relief of the non-appealing assignee. Judge Frank then went on to discuss at length the duty of an appellate court to make such complete disposition of the case before it as will result in ultimate justice to all concerned, including parties who may have failed to appeal. His opinion considered alternative procedural routes "by which the same result might be reached as to the vacation of the order concerning the non-

appealing parties," so that there might be avoided ". . . where possible, the anomaly of discrepant legal rulings as to different parties concerning an identical subject matter." 124 *F.* 2d at 1011–1012. The opinion is especially interesting for its lengthy and scholarly discussion of the conflict between a court's obligation to insist upon procedural regularity and its supervening and more important duty to accomplish substantial justice.

The rule that an appellate court, to avoid an unjust result, will act in the interest of a non-appealing party, has found support in other state courts and has been applied in a variety of situations. In the early case of *Hamilton & Co. v. Prescott,* 73 *Tex.* 565, 11 *S. W.* 548 (1889), the Supreme Court of Texas, in moving to relieve one who had not appealed, stated the rule thus,

[a] judgment against two or more parties, which is appealed from by one, may be reversed as to the one, and affirmed as to the others, or may be reversed as a whole, according to the manifest justice of the case. . . . [11 *S. W.* at 549]

In *Great American Health & Life Ins. Co. v. Lothringer,* 422 *S. W.* 2d 543 (Tex. Civ. App. 1967) suit was brought on an accident policy for injuries resulting from a fall. Judgment below went against the named insurance company as well as against its successor in interest, Texas Reserve Life Insurance Co. Only the former appealed. The consequent reversal was held to inure, as well, to the benefit of its non-appealing successor.

In *Luquire Ins. Co. v. Parker,* 241 *Ala.* 621, 4 *So.* 2d 259 (1941), plaintiff secured a judgment in an action for slander against the defendant corporation and also against its agent who had personally committed the alleged offense. Only the corporation appealed. In reversing the trial court, the Supreme Court of Alabama went on to say,

On the whole record we are of opinion the ends of justice will be best subserved by the reversal and vacation of the judgment in its

entirety that the cause be retried as against both defendants. [4 *So.* 2d at 260–261]

The case of *Schemenauer v. Travelers Indemnity Co.,* 34 *Wis.* 2d 299, 149 *N. W.* 2d 644 (1967) arose as the result of a three-car automobile collision. The plaintiff, a passenger, recovered judgment against all three drivers and in accordance with the comparative negligence rule which pertains in Wisconsin, the jury apportioned liability in the ratio of 60, 30 and 10 per cent as among the three defendants. Only two of the three defendants appealed. The court reversed and directed that there be a new trial as to the non-appealing defendant as well as with respect to those defendants who had brought the appeal. See also *Joyce v. Zachary,* 434 *S. W.* 2d 659 (Ct. App. Ky. 1968); *Syfer v. Fidelity Trust Co.,* 184 *Md.* 391, 41 *A.* 2d 293, 296 (1945); *Merryman v. Goins,* 190 *Okla.* 442, 124 *P.* 2d 729, 731 (1942); *Garrison v. Davis,* 88 *Utah,* 358, 54 *P.* 2d 439, 444–445 (1936).

Thus as an essential part of its task in finally disposing of a cause under review, in pursuit of its constant goal to achieve full and complete justice, an appellate tribunal may, either upon application or of its own volition, make available to non-appealing parties the benefit of an upper court judgment where its effect has been to erase all grounds of recovery as against the non-appealing litigants.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.