HARTFORD INSURANCE COMPANY, A CORPORATION OF THE STATE OF CONNECTICUT, RESPONDENT, v. ALL-STATE INSURANCE COMPANY AND JOSEPH YUHAS, APPELLANTS.

Argued May 27, 1975—Decided November 7, 1975.

*Mr. Paul E. Anderson* argued the cause for Joseph Yuhas, appellant (*Messrs. Kovacs, Anderson, Horowitz and Rader,* attorneys).

*Mr. William P. Kirkpatrick* argued the cause for respondent (*Messrs. Kirkpatrick and Rathman,* attorneys).

The opinion of the Court was delivered by

MOUNTAIN, J.   The appellant, Joseph Yuhas, was injured as the result of an automobile accident caused by the negligence of an uninsured driver of a second car. At the time of the collision, Yuhas was a passenger in a car insured by Allstate Insurance Company and he himself was covered by a policy issued by Hartford Insurance Company. Both policies contained "uninsured motorist endorsements," as required by *N. J. S. A.* 17:28–1.1, providing coverage for injury caused by an uninsured driver.

Allstate conceded its liability and paid Yuhas the full amount of its uninsured motorist coverage, $10,000.[1] Although this sum was inadequate to compensate Yuhas for his injuries, Hartford declined to make any payment, basing

---

[1] At the time of the accident, $10,000 was the statutory minimum amount of coverage on account of injury or death of one person in any one accident. This was later increased to $15,000. *L.* 1972, c. 204, § 1, effective January 1, 1973.

its refusal on the ground that its policy provision limited its obligation to those occasions where the amount required by statute — $10,000 — was not available to the claimant under any other policy. To test the question of Hartford's liability, Yuhas instituted suit and was successful at the trial level. The Appellate Division, however, reversed and entered judgment in Hartford's favor. *Hartford Insurance Co. v. Allstate Insurance Co.*, 127 *N. J. Super.* 460 (1974).

Argument before the Appellate Division took place at the same time as argument in an unrelated suit involving different parties but raising the identical issue. In this latter case, Motor Club of America Insurance Company was the carrier and one Phillips the claimant. The two cases were scheduled for argument at the same time before the same part of the Appellate Division solely because they presented the identical legal issue. Following the decisions in the two cases, both favorable to the carriers, the claimant Phillips sought certification as to the judgment in favor of Motor Club of America Insurance Company. His petition was granted. 65 *N. J.* 556 (1974). The claimant Yuhas, who is now the appellant before us, did not seek certification with respect to the judgment in his suit entered in favor of Hartford. In due course this Court reversed the judgment of the Appellate Division in the Phillips case, holding the asserted limitation of liability to be repugnant to *N. J. S. A.* 17:28–1.1. *Motor Club of America Insurance Co. v. Phillips*, 66 *N. J.* 277 (1974). Yuhas then moved in the Appellate Division for a rehearing, but the application was denied as being untimely. *See R.* 2:11–6a. We granted his petition for certification, 67 *N. J.* 93 (1975) and now affirm.

Yuhas claims that to deny him relief constitutes a grave injustice and results in a windfall to the carrier. We have concluded otherwise. It is conceded that after conferring with his attorney, he made a deliberate choice to forego any review of the adverse Appellate Division judgment and, accordingly, did not seek certification. It cannot be said that in making this decision he, or his attorney, was relying

upon any well-settled rule of law. Indicative of the unsettled state of law within our own jurisdiction was the contrast between *McFarland v. Motor Club of America Insurance Co.*, 120 *N. J. Super.* 554 (Ch. Div. 1972), in which a decision was rendered favorable to the claimant, and the appellate decisions in the Yuhas and Phillips cases favorable to the carriers. Furthermore, decisions involving similar or identical statutes throughout the country had reached varying results, the majority determining the issue in favor of coverage. *Motor Club of America Insurance Co. v. Phillips, supra,* 66 *N. J.* at 288–90.

Appellant urges that this case can and should be brought within the favor of the rule followed by this Court in *E & K Agency, Inc. v. Van Dyke,* 60 *N. J.* 160 (1972). We there held that a party to a suit who failed to join in an appeal was nevertheless entitled to the benefit of a favorable judgment of an appellate court.

Recently, in *Pierce v. Cook & Co., Inc.,* 518 *F.* 2d 720 (10th Cir. 1975) the Court of Appeals granted a similar type of relief when faced with rather unusual factual circumstances. Three persons, all occupants of the same car, sustained serious injuries in an accident which occurred in Oklahoma. They instituted separate suits, one of which was removed to the federal court on the basis of diversity of citizenship. Applying what was then conceded to be the law of the State of Oklahoma, the federal district court found for the defendant and the judgment was affirmed on appeal. The state court judge before whom the other two suits were brought also ruled in favor of the defendant for the same reason. Plaintiffs in the state court suits appealed and the Supreme Court of Oklahoma reversed, at the same time overruling the case upon which the federal and state courts had relied in ruling in favor of the defendant. The reversal was followed by a settlement favorable to the plaintiffs-appellants. The plaintiff in the federal court suit then applied for relief, basing his application upon Federal Rule

60(b) which specifies five stated grounds for relief and then concludes, "(6) any other reason justifying relief from the operation of the judgment."[2] The court granted relief, emphasizing the fact that the plaintiffs in the various suits had all been injured at the same time in a single accident and that to deny relief to one but not the others would be manifestly offensive to notions of elementary justice. Considerable reliance was placed upon *Gondeck v. Pan American World Airways, Inc.,* 382 *U. S.* 257, 86 S. Ct. 153, 15 *L. Ed.* 2d 21 (1961), wherein relief was forthcoming because different federal courts had arrived at divergent results with respect to the claims of persons injured simultaneously in a common disaster.

As we have indicated, the court in *Pierce* laid great stress upon the occurrence of a common accident. It also noted and distinguished the earlier decision in the same circuit. *Collins v. City of Wichita,* 254 *F.* 2d 837 (10th Cir. 1958) in which relief had been denied. There the plaintiff had originally been unsuccesful due to the court's reliance upon a particular statute of the State of Kansas. The statute was later held unconstitutional by the Supreme Court of the United States in unrelated litigation. Application for relief from the original judgment followed, but was denied. The court held that a "change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance" as to justify relief from a final judgment where the time to appeal has expired. This is unquestionably the general rule and rests principally upon the important policy that litigation must have an end. *Miller v. McCutcheon,* 117 *N. J. Eq.* 123, 130 (E. & A. 1934); *Doyle v. Chase Manhattan Bank,* 80 *N. J. Super.* 105, 121–22 (App. Div. 1963). *Cf. In re Estate of Cory,* 98 *N. J. Super.* 208, 216 (Ch. Div. 1967).

---

[2] *R.* 4:50–1(f) is identical.

The present case cannot be brought either within the rule followed in *E & K Agency* or within the somewhat more expansive doctrine of *Pierce*. The appellant Yuhas was not a party to the *Phillips* case nor did his cause of action have any factual relationship to that of the plaintiff in that suit. The only connection is the wholly fortuitous one that the appeals were argued together in the Appellate Division. This circumstance affords no rational basis upon which to rest a decision granting the extraordinary relief here sought. For all this Court knows there may be any number of other recent unappealed decisions in favor of insurers resting upon the no-recovery rule which was applied against this appellant in the court below. All would presumably be entitled to relief if appellant is so entitled. There would be no discernible basis for drawing any line in time between those to be barred and those to be relieved.

We find no basis on these facts to grant relief from a judgment under *R.* 4:50–1. The judgment of the Appellate Division is affirmed.

PASHMAN, J. (dissenting). The majority declines to exercise the relief permitted under *R.* 4:50–1 and, in so doing, prevents appellant Yuhas from realizing those fruits of litigation which concededly would have been his had he complied with *R.* 2:4–1 or *R.* 2:4–4 requiring punctual appeals. While I am ready to concede the importance of administrative convenience, at the same time I am unwilling to refuse the substantive legal claims of a litigant for the sake of procedural technicalities. As was recognized on another occasion,

It should not have to be said again that one of the prime objects of our new judicial system and the rules implementing it was to do away forever with the determination of cases on the basis of procedural niceties to the end that causes may be justly and expeditiously determined on their merits. [*Edelstein v. Asbury Park,* 51 *N. J. Super.* 368, 385 (App. Div. 1958)]

The rules can be considered a safety valve which provides a compromise between the demands of judicial efficiency and the need to do substantial justice in each case. See *Hodgson v. Applegate,* 31 *N. J.* 29, 43 (1959). I must therefore respectfully dissent.

Last year in *Motor Club of America Ins. Co. v. Phillips,* 66 *N. J.* 277 (1974), this Court held an "other insurance" exclusion clause in an uninsured motorist liability policy to be invalid. Finding that *N. J. S. A.* 17:28–1.1 required every automobile policy to provide coverage in stated amounts per person and per accident for damages for bodily injury, Judge Conford held that appellant-Phillips was entitled to coverage under a policy issued by the respondent-insurance company. Furthermore, in reversing a determination by the Appellate Division, our Court found that the insurer's imposed limitation on recovery was contrary to statutory law even where an insured, such as Phillips, had recovered under the policy coverage of the vehicle he was occupying when injured. In the instant case, which was argued before the Appellate Division at the same time, before the same panel and on the same issue as *Phillips,* the majority has denied the same relief to the appellant and has apparently decided, in Canute-like fashion, that we will go this far and no further.

At common law, the appeal and successful reversal of a judgment jointly binding upon several persons inured to the benefit of all affected parties, regardless of whether all such parties pursued appeals. Underlying this principle was an interest in the consistent application of law so that similar cases would command similar results. Such was, in fact, the recent holding of this Court in *E & K Agency v. Van Dyke,* 60 *N. J.* 160 (1972). In that case, the denial of a commission to plaintiff-real estate agency as to one defendant was upheld on the basis of a codefendant's successful challenge to the agency's right to the commission. This principle of law has also won ready acceptance on

the federal level as well, *Pierce v. Cook & Co., Inc.*, 518 *F.* 2d 720 (10 Cir. 1975); *Gondeck v. Pan Am. World Airways,* 382 *U. S.* 257, 86 *S. Ct.* 153, 15 *L. Ed.* 2d 21 (1965).

The majority would, however, apply the general rule of unavailability of an appellate reversal to nonappealing parties within the facts of the instant case. By distinguishing cases such as *E & K Agency* and *Pierce* from that presented by appellant Yuhas, the majority differentiates between cases arising from the same transaction and those arguably having no factual relationship. In effect, the majority would impose the "same transaction or series of transactions" standard found in our Court Rules with regard to consolidation of actions before New Jersey's trial courts, *R.* 4:38–1. While the distinction may have been manifested in the factual settings of other cases, it has never received the explicit recognition which the majority would give it. More important, its adoption by the Court would be in derogation of the very basis upon which the Appellate Division decided to hear the instant case and the *Phillips* case together.

Originally submitted to the Appellate Division for consideration on October 23, 1973, this case was postponed until November 11 upon the request of respondent-Hartford's attorney John G. Rathman. In a letter to that court, dated September 11, 1973, Mr. Rathman alerted the Appellate Division to the pending nature of the *Phillips* litigation and suggested postponement of this action in order to permit the court to consider both appeals concurrently. Although not in the record of this case, the interests of justice require our noticing it. This suggestion was founded upon a more expeditious means of resolving the issues presented by both cases and reflects respondent's own recognition of the inherent similarities of those issues — a reflection of respondent's awareness of the identicality of the instant cases and a consent that they be joined for argument.

Lacking the consolidation power afforded to other courts by *R.* 4:38–1, the Appellate Division invoked its discretionary

power to have the two cases argued together. While the reasoning behind the court's decision was left unstated, it was a clear response to appellant's urging and was apparently premised upon respondent's arguments which mitigated in favor of hearing *Yuhas* and *Phillips* in tandem.

The Appellate Division's action rendered the instant case virtually indistinguishable from *Addiss v. Logan Corp.*, 23 *N. J.* 142 (1957), wherein this Court had an opportunity to construe the more explicit and stricter "same transaction" standard of the consolidation rule, *R.* 4:38–1. Plaintiff-tenants in that case sought recovery of a statutory penalty for alleged rental overcharges. Although they had filed their respective actions in a single complaint, the trial court ordered a severance of their various claims on the grounds that their actions had not arisen from the same transaction. This Court, in upholding their monetary claims, not only vacated the severance order, but found that plaintiffs' consent to a joint action had rendered the "same transaction" requirement unimportant:

> The thought was that *R. R.* 4:43–1 (concerning consolidation of actions [now *R.* 4:38–1]) required a severance because the actions did not arise out of the same transaction, occurrences or series of transactions or occurrences. But here all parties consented to the concurrent disposition and the severance served only the purpose of gaining additional revenue through filing fees. This court is opposed to unnecessarily burdening the cost of litigation. Our endeavor has been to seek methods to alleviate that burden, not to further encumber it. *This attitude is to be reflected throughout our courts, from the municipal to the appellate level.* [23 *N. J.* 149; emphasis added]

Within the context of the instant case, the necessity of importing a less stringent standard than "same transaction" is even more compelling than in *Addiss*. In that case, plaintiffs were faced with the mere imposition of possibly unnecessary litigation costs. In the instant case, the Court's invocation of a "same transaction" standard may effectively frustrate the relief which was warranted in *Phillips* and to which Yuhas should be entitled under *E & K Agency*. In the latter

case, the Court, as the majority has done in this case, recognized the identical legal issues which were presented by the two cases before it. Writing for the Court, Justice Mountain said:

Here it has been finally held, after being twice heard at the trial level and twice reviewed on appeal, that plaintiff's claim is groundless. The basis for the asserted contention against each defendant is the same. It would indeed be a travesty of justice were plaintiff to be allowed to satisfy a substantial claim of this nature against one defendant when the courts of the State have gone to no small pains to reach a deliberate determination that the claim is without merit. *Appellate courts of this State, in line with those of many others, have recognized the responsibility of appellate review as including a requirement that the ultimate disposition of a case be just, not only as to parties directly before the reviewing court but also as to others who will perforce be affected by the action of the court.* This solicitude has been expressly extended to parties to the litigation who have not appealed but who in all justice should be afforded the benefits of the upper court ruling. [60 *N. J.* at 164–65; emphasis added]

The thought implicit in this statement remains as true today as it did when it was written on what was apparently a different day.

I am not unmindful of the majority's concern for the other unappealed decisions which may arguably come within the ambit of the *Phillips* holding. Nonetheless, their number remains unknown, their facts distinguishable and their ultimate resolution unaffected by a decision to apply the *Phillips* holding to the instant case. Yuhas has properly limited his petition for relief to the facts of his particular case. In conjunction with this, the singular identity of appellant's case with the *Phillips* litigation affords us with a convenient line of demarcation by which to limit relief to his particular claim. No such speculative flood of litigation would result were the Court to hold, as I suggest, that the relief afforded in *E & K Agency* applies to cases heard together on appeal as well as cases consolidated at the trial level. The finger which the majority would somewhat arbitrarily insert into the dike would only serve to prevent

440

an innocent litigant from obtaining warranted relief for the sake of averting an all too speculative flood of litigation. I would reverse the judgment of the Appellate Division and grant relief to appellant from said judgment under *R.* 4:50–1.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*For reversal*—Justice PASHMAN—1.