571 A.2d 344

URMILA GAUTAM AND NARINDER GAUTAM, PLAINTIFFS–APPELLANTS, v. DOMINICK P. CONTE AND SAMUEL R. DE LUCA, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 30, 1990—Decided March 20, 1990.

Before Judges MICHELS, DEIGHAN and R.S. COHEN.

*Narinder Gautam,* appellant, argued the cause *pro se.*

*Dominick P. Conte,* respondent, argued the cause *pro se.*

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Plaintiffs Urmila Gautam and Narinder Gautam appeal from a post-judgment order of the Law Division that vacated a judgment against defendant Dominick P. Conte, Esq. (Conte) in this legal malpractice action. The pivotal issue raised by this appeal is whether Conte is entitled to the benefit of the judgment entered in favor of his codefendant Samuel R. De Luca, Esq. (De Luca) in *Gautam v. De Luca,* 215 *N.J. Super.* 388, 521 *A.*2d 1343 (App.Div.1987), even though he was not a party to the appeal.

The resolution of this issue is best understood in light of the procedural history and the underlying facts giving rise to this appeal. Sometime prior to 1977, plaintiffs retained Conte to represent them in a medical malpractice claim against Dr. Gerry Brown, The New Jersey Medical Center and the City of Jersey City (the *Brown* suit). At that time, Conte was a sole practitioner. Shortly thereafter, however, he joined the law firm of De Luca and, as De Luca's associate, filed a medical malpractice action on plaintiffs' behalf. Conte was extremely dilatory in complying with the trial court's discovery orders and in December, 1979, after lengthy delays and repeated motions, plaintiffs' complaint was dismissed for failure to answer interrogatories and comply with a court order. Despite plaintiffs' numerous requests for information, Conte never apprised them of the dismissal and in October, 1980 they learned of it from the trial court.

In April, 1983, plaintiffs instituted a legal malpractice action against Conte and De Luca. Plaintiffs charged that as a result of the legal malpractice of Conte and De Luca the *Brown* suit was dismissed. In addition, plaintiffs charged that Conte and De Luca, acting deliberately or with reckless indifference to the consequences, failed to advise them that the *Brown* suit had been dismissed. They sought both compensatory and punitive damages.

After issue was joined, the matter was tried before a jury, which awarded plaintiffs both compensatory and punitive damages against Conte and De Luca. The trial court denied motions by Conte and De Luca for a new trial and for a remittitur of damages. However, the trial court stayed execution of the judgment pending appeal, conditioned upon Conte and De Luca posting a supersedeas bond. In addition, the trial court stayed the trial of the cross-claims between Conte and De Luca pending appeal. Conte had cross-claimed against De Luca for indemnification, claiming that De Luca had agreed to provide legal malpractice insurance coverage for him as a condition of his employment.

In June, 1985, De Luca appealed. Conte did not file a notice of appeal. Instead, he filed what he captioned a "Notice of Joining Appeal," which he apparently based on *R.* 2:3–3. This pleading was not a proper notice of appeal and did not transform De Luca's appeal into a joint appeal with Conte within the purview of *R.* 2:3–3. Moreover, Conte did not file a brief; he did not join in De Luca's brief; and he did not participate in the argument of the appeal. In fact, by letter dated November 23, 1986, Conte advised the Appellate Division Clerk's office that he would "not be an active participant in the above appeal, but that [he was] of course interested in the outcome of the same." Conte, therefore, was not an appellant in that matter.

In March, 1987, we reversed the judgment, holding that the trial court's instructions to the jury were "materially deficient," in that the jury was not apprised of the essential elements of a legal malpractice cause of action. We decided not to remand the matter for a new trial as to De Luca because we found that the evidence was wholly insufficient to support a recovery of either compensatory or punitive damages against him. Plaintiffs had not offered any medical evidence to show that they had a medical malpractice claim upon which they would have been entitled to recover or which would have had a settlement value if De Luca had not been negligent. We also held with respect to De Luca that emotional distress damages should not be awarded in legal malpractice cases at least in the absence of egregious or extraordinary circumstances and even if such damages were reasonable, they would be impermissible in the absence of medical evidence establishing substantial bodily injury or severe and demonstrable psychiatric sequelae proximately caused by the tortfeasor's conduct. Finally, we held that the evidence against De Luca was not sufficient to warrant an award of punitive damages. *See Gautam v. De Luca, supra.* In April, 1987, we amended our opinion on plaintiffs' motion for clarification to hold that the judgment of the Law Division is reversed "as to defendant De Luca."

Conte did not make an application to obtain the benefit of the reversal of the judgment against De Luca in the Appellate Division nor did he move in the trial court to be relieved from the judgment pursuant to *R.* 4:50–1. Rather, Conte responded to plaintiffs' motion to settle the form of the judgment in November, 1987, by filing a certification in which he claimed that he was entitled to a reversal of the judgment under the principles discussed in *E & K Agency v. Van Dyke,* 60 *N.J.* 160, 286 *A.*2d 706 (1972).

In December, 1987, Judge O'Donnell in the Law Division, held that the reversal of the judgment against De Luca by the Appellate Division on the ground that the jury instructions were erroneous also applied to Conte, and, therefore, vacated the judgment against him. In reaching this conclusion, the trial court, in part, reasoned that:

> *E & K Agency* stands for the proposition that where the reversal of judgment eliminates all basis for recovery against a nonappealing party, as well as against the party who appealed, the benefit of the judgment of reversal will be made available to all alike, either upon application or upon the appellate tribunal's own volition.
>
> The Appellate Division opinion addresses itself to three areas justifying reversal. The first area addresses itself to the trial court's charge as it pertains to both defendants. The second and third areas of the decision address themselves to the appealing defendant De Luca only.
>
> This Court therefore deals with the first area only. The Appellate Division has ruled the charge utterly failed to apprise the jury of the element of the cause of action set forth in Plaintiff's [sic] complaint. They further ruled that this error was clearly prejudicial and therefore reversed.
>
> This Court is satisfied that this error applied to the case against both Defendants. This ruling eliminates all basis for recovery against Conte and pursuant to E & K Agency the judgment against Conte as to both compensatory and punitive damages is vacated.

Plaintiffs appeal, contending that the trial court erred in applying *E & K Agency v. Van Dyke, supra,* because (1) Conte and De Luca were responsible to different degrees in negligently handling the *Brown* suit, (2) Conte's conduct cannot be imputed to De Luca, (3) there was no joint judgment against Conte and De Luca since each had to pay different amounts of punitive damages under the judgment, and (4) in general, the

cases against the two were not so similar as to require that Conte enjoy the same result as De Luca obtained on appeal. Plaintiffs also argue that, like the non-appealing party in *Hartford Ins. Co. v. Allstate Ins. Co.*, 68 *N.J.* 430, 347 *A.*2d 353 (1975), Conte decided to forego an appeal, and therefore, he is not entitled to relief out of time based on De Luca's successful appeal.

The principle that a non-appealing party is entitled to enjoy the benefits of a favorable judgment of an appellate court from an appeal brought by another party to the same suit was endorsed by our Supreme Court in *E & K Agency v. Van Dyke*, *supra.* There, the Supreme Court, in explaining the principle, stated that:

> Our affirmance is based upon the conclusion that whether or not the Appellate Division granted Sofield's motion to become a party to the then pending appeal, the timely appeal taken by Van Dyke and the consequent reversal as to him, would in itself have required a reversal of the judgment against Sofield. This results from the application of a doctrine which at first seems to have taken the form of a somewhat technical rule of appellate practice, but which today is more often announced as a general function of appellate review, found to rest broadly upon the obligation of the judicial system to accomplish full and complete justice. The rule is that where reversal of a judgment eliminates all basis for recovery against a nonappealing party, as well as against the party who has appealed, the benefit of the judgment will be made available to all alike. [60 *N.J.* at 163, 286 *A.*2d 706].

> \*    \*    \*    \*    \*    \*    \*    \*

> ... we think the correctness of the action of the court below rests upon a much broader ground than adherence to a rule of common law procedure. In the exercise of its appellate jurisdiction a reviewing court has the power and indeed the duty to make such ultimate disposition of a case as justice requires. Here it has been finally held, after being twice heard at the trial level and twice reviewed on appeal, that plaintiff's claim is groundless. The basis for the asserted contention against each defendant is the same. It would indeed be a travesty of justice were plaintiff to be allowed to satisfy a substantial claim of this nature against one defendant when the courts of the State have gone to no small pains to reach a deliberate determination that the claim is without merit. Appellate courts of this State, in line with those of many others, have recognized the responsibility of appellate review as including a requirement that the ultimate disposition of a case be just, not only as to parties directly before the reviewing court but also as to others who will perforce be affected by the action of the court. This solicitude has been expressly extended to parties to the

litigation who have not appealed but who in all justice should be afforded the benefits of the upper court ruling. [60 *N.J.* at 164–165, 286 *A.*2d 706].

The principle of *E & K Agency* finds its genesis in the common law. It has evolved from what was originally a technical rule of appellate practice to a general function of appellate review premised upon the court's obligation to render "full and complete justice." *E & K Agency, supra,* 60 *N.J.* at 163, 286 *A.*2d 706. *See also Hyjack v. Nolan,* 144 *N.J. Super.* 545, 553–554, 366 *A.*2d 715 (Law Div.1976), aff'd 154 *N.J. Super.* 173, 381 *A.*2d 57 (App.Div.1977). In *Kozinsky v. Edison Prods. Co.,* 222 *N.J.Super.* 530, 539, 537 *A.*2d 737 (App.Div. 1988), we reversed a workers' compensation award entered against a non-appealing party when a reversal of judgment was entered against another employer in the original action and explained that an appellate tribunal may "in the interest of justice" apply the ruling of an appeal to a non-appealing party.

Although Conte has ignored well-settled and fundamentally sound procedural rules governing the practice in our courts to obtain relief from the judgment under the principle set forth in *E & K Agency,* it would be manifestly unjust to deny him the benefit of the Appellate Division judgment in favor of De Luca which reversed the trial court judgment because the jury charge was materially deficient. The trial court had the inherent power to vacate or set aside the judgment against Conte to avoid such an unjust result. *See Potter v. Hill,* 43 *N.J. Super.* 361, 366, 128 *A.*2d 705 (App.Div.1957).

Plaintiffs' reliance upon the holding in *Hartford Ins. Co. v. Allstate Ins. Co., supra,* to deny Conte the benefit of De Luca's successful appeal, is, moreover, misplaced and appears to be premised upon an incomplete understanding of *Hartford's* holding. *Hartford* did not overrule *E & K Agency.* The holdings in the two cases are inapposite, and while it is arguable that *Hartford* narrowed the inherent expansiveness of the *E & K Agency* holding, it did so under very specific circumstances. *Hartford* was argued in conjunction with a companion case, *Motor Club of Am. Ins. Co. v. Phillips,* 66 *N.J.* 277, 330 *A.*2d

360 (1974). These cases involved two separate suits, completely different plaintiffs and unrelated fact patterns. The two cases were consolidated for oral argument on the same day only because of their identical legal issues. When the plaintiff in the *Phillips* case, however, successfully obtained the reversal of the trial court decision, we rightly denied relief to plaintiff Yuhas in the *Hartford* case because Yuhas was neither a party to the *Phillips* case, nor did his cause of action bear any factual relationship to the plaintiffs in *Phillips*. In affirming our decision, the Supreme Court reasoned that to allow Yuhas recovery under these circumstances would invite a perversion of the rule enunciated in *E & K Agency* because there were conceivably any number of unrelated insurers who had not yet or did not intend to appeal but who would now be entitled to recovery if Yuhas were so entitled.

Moreover, the *Hartford* court indicated that to allow relief under these facts would undermine the established proposition that a change in the law or a change in the way the judiciary views the law does not qualify as an extraordinary circumstance sufficient to justify relief from a final judgment where the time to appeal has expired. This, however, is not the situation here. Our reversal of the judgment against De Luca because the trial court's instructions to the jury were materially deficient and because they did not apprise the jury of the essential elements of the legal malpractice cause of action applied with equal force and effect to the judgment against Conte. The judgment against Conte, therefore, should be reversed. However, because the judgment against Conte is vacated solely for the reason of trial error the matter must be remanded for a new trial. Plaintiffs should be afforded an opportunity to retry their claims against Conte based on conventional proofs, evaluating the value of the medical malpractice suit that was lost against Dr. Brown and the other defendants in accordance with the principles discussed broadly in *Gautam v. De Luca, supra,* 215 *N.J.Super.* at 397–400, 521 *A.*2d 1343 and the cases cited therein.

The other issues raised by plaintiffs on this appeal do not pertain to the trial court's post-judgment order under review. Rather, they all appear to address our prior decision in *Gautam v. De Luca, supra,* and, therefore, are not properly raised on this appeal and we do not address them.

Accordingly, we affirm the order vacating the judgment against Conte and remand the matter to the trial court for a new trial as to Conte only, consistent with the views expressed in this opinion. We leave to the trial court the management of the trial of Conte's cross-claim against De Luca.