633 A.2d 580

THOMAS R. SMID AND JUDITH SMID, PLAINTIFFS–RESPONDENTS, v. NEW JERSEY HIGHWAY AUTHORITY AND XYZ COMPANY, DEFENDANTS–APPELLANTS, v. CANDELIERE CONSTRUCTION, INC., THIRD–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued October 26, 1993—Decided November 22, 1993.

Before Judges STERN and KEEFE.

*Michael S. Caro* argued the cause for appellants (*DeCotiis & Pinto*, attorneys; *Andrew Bayer*, of counsel; *Mr. Caro*, on the brief and reply letter brief).

*John J. Mahoney* argued the cause for respondents.

The opinion of the court was delivered by

STERN, J.A.D.

After the Law Division granted summary judgment on May 7, 1991 dismissing plaintiffs' complaint as a result of immunity under the Tort Claims Act, we affirmed and the Supreme Court denied certification. Plaintiffs unsuccessfully relied upon *Bligen v. Jersey City Housing Auth.*, 249 *N.J.Super.* 440, 592 *A.*2d 623 (App.Div. 1991), and argued that no immunity applied. In their petition for

certification, plaintiffs further argued that our disposition in this case was in conflict with this court's opinion in *Bligen,* then pending appeal in the Supreme Court pursuant to certification granted, 127 *N.J.* 533, 606 *A.*2d 353 (1991). However, the Supreme Court denied certification in this case four days before *Bligen* was argued. *See Smid v. New Jersey Highway Authority,* 130 *N.J.* 394, 614 *A.*2d 617 (1992). On January 27, 1993, the Supreme Court affirmed the judgment of the Appellate Division in *Bligen v. Jersey City Housing Authority,* 131 *N.J.* 124, 619 *A.*2d 575 (1993). Thereafter, on February 19, 1993, plaintiffs successfully moved before the Law Division under *R.* 4:50–1(f) to vacate the May 7, 1991 judgment. We granted leave to appeal and now reverse the reinstatement of the complaint.

In *Bligen,* the Supreme Court specifically stated that "imposing liability on a housing authority that failed to use due care to safeguard its premises is not novel" and noted "the long tradition in the common law of holding municipal landlords responsible for the reasonably-foreseeable consequences of their actions." *Bligen, supra,* 131 *N.J.* at 134, 619 *A.*2d 575. Hence, *Bligen* did not decide new law. In *Bligen,* the Supreme Court held "that the weather immunity does not apply [in a case involving a municipal housing authority] because the accident did not occur on a 'street' or 'highway' pursuant to *N.J.S.A.* 59:4–7." *Id.* at 137, 619 *A.*2d 575. The Court further held that "the common-law immunity for the negligent removal of snow did not apply to a public housing authority not only because the authority's liability for negligent snow removal is limited to a finite area [unlike a highway authority], but also because under common-law, public housing authorities were deemed to have the same obligation to their tenants as commercial landlords." *Id.* at 137–138, 619 *A.*2d 575. We did not cite the Appellate Division *Bligen* opinion in our prior opinion in this case undoubtedly because we did not see its relevance to this defendant and the issues in this case involving the Highway Authority. In any event, whether we were right or wrong, relief could not be granted in this case under *R.* 4:50–1 because our opinion constitutes the law of the case and, although unpublished,

is binding on the Law Division. *See New Amsterdam Cas. Co. v. Popovich*, 31 *N.J.Super.* 514, 518, 107 *A.*2d 345 (App.Div.1954), *aff'd.* 18 *N.J.* 218, 224, 113 *A.*2d 666 (1955). *See also R.* 1:36–3. Moreover, it is inconsistent with sound judicial policy for the Law Division to reconsider a case, based on some arguably new precedent, after we affirmed the judgment and the Supreme Court denied certification.[1]

If we affirmed the vacation of judgment here under *R.* 4:50–1(f), there would be no termination of litigation. While the *R.* 4:50–1 application was filed only five months after certification was denied by the Supreme Court, that Court has well noted that *R.* 4:50–1 is not a substitute for an unsuccessful appeal. *Baumann v. Marinaro*, 95 *N.J.* 380, 393, 471 *A.*2d 395 (1984). *See also Hartford Ins. Co. v. Allstate Ins. Co.*, 68 *N.J.* 430, 434, 347 *A.*2d 353 (1975), where the Supreme Court made clear "that a 'change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance' as to justify relief from a final judgment where the time to appeal has expired. This is unquestionably the general rule and rests principally upon the important policy that litigation must have an end." *Id., quoting Collins v. City of Wichita, Kansas*, 254 *F.*2d 837, 839 (10th Cir.1958). Accordingly, we must reject plaintiffs' contention that the "extraordinary circumstances" here warranted relief.

The order reinstating the complaint is reversed, and the judgment for defendant is reinstated.

---

[1] As the case is not before us, we do not consider an issue involving a timely application under *R.* 4:50–1(f) where an opinion announcing new law is given "complete retroactive effect, applying it to all cases, even those where final judgments have been entered and all avenues of direct review exhausted." *State v. Burstein*, 85 *N.J.* 394, 403, 427 *A.*2d 525 (1981). *See also e.g., Accountemps v. Birch Tree Group*, 115 *N.J.* 614, 627–28, 560 *A.*2d 663 (1989); *Coons v. American Honda Motor Co., Inc.*, 96 *N.J.* 419, 476 *A.*2d 763 (1984). *Cf. Gautam v. Conte*, 239 *N.J.Super.* 362, 571 *A.*2d 344 (App.Div.1990); *Lee v. W.S. Steel Warehousing*, 205 *N.J.Super.* 153, 500 *A.*2d 394 (App.Div.1985).