917 A.2d 261 (2007)
391 N.J. Super. 90
Madeline MUISE, individually and as owner and operator of Mediation and Therapy Associates, on behalf of herself and all other individuals and business entities similarly situated, Plaintiff-Appellant,
v.
GPU, INC., its subsidiaries, agents, servants and/or employees, Defendant, and
Jersey Central Power & Light Company, f/d/b/a GPU Energy, its agents, servants and/or employees, Defendant-Respondent.
George J. Tzannetakis and Paula R. Zaccone-Tzannetakis, husband and wife, Anne Jacoubs, Gerald Hoy and Kathleen Hoy, husband and wife, Lloyd Vaccarelli and Dorothy Vaccarelli, husband and wife, Frank Cracolici, Marmol, Inc., d/b/a Umberto Restaurant, Warren Abrahamsen, d/b/a Fairwinds Catering, C.K. Seafood, Inc., d/b/a Bayshore Fishery, Charles Kurica, Jr. and Janice Kurica, husband *262 and wife, Foreign Cars of Monmouth, Inc., Rad Enterprises, Inc., d/b/a Krauszer Convenience Store, and Fair Haven Hardware, Inc., on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
GPU, Inc., and its subsidiary companies, GPU Generation, Inc., and GPU Service, Inc., Defendants, and
Jersey Central Power & Light Company, f/d/b/a GPU Energy, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 2007.
Decided March 7, 2007.
Bruce D. Greenberg, Newark and Frank S. Gaudio, Red Bank, argued the cause for appellants (Lite DePalma Greenberg & Rivas, Newark and Miller, Gaudio, Bowden & Arnette, Red Bank, attorneys; Mr. Greenberg, Mr. Gaudio, and Scott C. Arnette, on the brief).
Douglas S. Eakeley, Roseland, argued the cause for respondent (Lowenstein Sandler, attorneys; Mr. Eakeley and Nicole Bearce Albano, of counsel; Gavin J. Rooney, *263 Stephen M. Plotnick, and Natalie J. Kraner, on the brief).
Before Judges LINTNER, SELTZER and C.L. MINIMAN.
The opinion of the court was delivered by
LINTNER, J.A.D.
This appeal is from an order entered on July 10, 2006, decertifying plaintiffs' class consisting of electrical consumers who experienced electrical outages during the week of July 4, 1999, as a direct result of alleged negligence in delaying the replacement of two transformer banks at the Red Bank substation (Red Bank class). This represents the third time that this matter has been before an appellate panel.
In our first decision, we concluded that the Law Division judge properly retained jurisdiction over these claims. Muise v. GPU, Inc. (Muise I), 332 N.J.Super. 140, 146, 753 A.2d 116 (App.Div.2000). In our second decision, we affirmed the decertification of the overall class, however, we remanded for certification of the limited Red Bank class. Muise v. GPU, Inc. (Muise II), 371 N.J.Super. 13, 64, 851 A.2d 799 (App.Div.2004).
We now reverse the decertification of the Red Bank class and we remand to afford plaintiffs sufficient time to establish individual proof of damages causally related to the outages sustained as a result of the transformer failures at defendants' Red Bank substation as previously directed by our opinion in Muise II.
We recite the underlying procedural history and facts as set forth in our opinion in Muise II.
Plaintiffs are residential and business customers of defendants GPU, Inc., and related affiliates (GPU or the utility), providers of electrical service. On July 20, 1999 the Tzannetakis plaintiffs filed a class action complaint . . . alleging damages resulting from power failures in July 1999. On July 22, 1999 Muise filed a class action complaint in the same court against the same defendants, with similar allegations.
On August 4, 1999 Muise filed a motion for class certification. In September 1999 the Tzannetakis plaintiffs also moved for class certification. On October 8 consolidation was ordered. In an October 12, 1999 hearing Judge Chaiet granted plaintiffs' motions for class certification and denied defendants' motion to dismiss in favor of deferring to the primary jurisdiction of the Board of Public Utilities (the Board).
On January 11, 2000 we granted defendants' motion for leave to appeal from the denial of their motion to dismiss, "in order to determine the proper forum for [plaintiffs'] claims." [Muise I, supra, 332 N.J.Super. at 148, 753 A.2d 116]. Defendants did not seek leave to appeal from the class certification because they wanted to develop the factual record. We concluded that the Law Division judge properly retained jurisdiction, rather than deferring to the Board. Id. at 146, 753 A.2d 116. . . .
At a hearing on May 24, 2001 Judge Uhrmacher denied defendants' motion to decertify the class. On January 28, 2002 she heard arguments on defendants' motion for partial summary judgment. In an opinion issued on August 14, 2002 Judge Uhrmacher granted defendants' motion for partial summary judgment, dismissing with prejudice plaintiffs' claims for fraud, negligent misrepresentation, violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, and strict product liability.
On November 8, 2002 defendants filed a renewed motion to decertify the class. *264 On December 17, 2002 plaintiffs filed a notice of motion for a declaration of admissibility of their experts' class-wide damage model. On November 10, 2003 Judge Perri issued her opinion denying plaintiffs' motion to permit expert testimony on their proposed survey model for proof of class-wide damages, and decertifying the class. On January 5, 2004 we granted plaintiffs' motion for leave to appeal this ruling.
[Muise II, supra, 371 N.J.Super. at 19-20, 851 A.2d 799.]
Recognizing that decertification of the overall class was justified by the predominance of individual issues, we nevertheless concluded that "certification is appropriate for a more limited class of customers affected by the failures of equipment at the Red Bank substation." Id. at 37, 851 A.2d 799. Pointing to the Board's expert's findings that the Red Bank substation "bushing failures in transformer bank number 1 and transformer bank number 2 resulted primarily from long-term insulation degradation, exacerbated by elevated temperatures and overvoltages," and that "a later study proposed replacement of transformer banks 1 and 2," the Muise II panel provided the following reasoning behind its decision to certify the limited class:
We agree with plaintiffs that a Red Bank class would be proper if their evidence could establish that failure to timely install two new transformers constituted negligence and that this failure was the proximate cause of the related outages. The lack of predominance in causation issues for the larger proposed class is much reduced in a Red Bank class. A court must not make a preliminary decision on the merits when determining whether a class should be certified. However, the court is bound to take the substantive allegations of the complaint as true.
Once the court finds that common questions of liability, and the fact of damage, predominate, individual variations in the calculation of damages does not preclude class certification. However, plaintiffs may be required to present individualized proof of damages. The judge did not err by finding a lack of predominance of common liability issues for the overall class. However, we remand for certification of a limited, Red Bank, class.
[Id. at 45-46, 851 A.2d 799 (citations omitted).]
Regarding proof of damages, we noted that "individual proof of damages, through customer claim forms, is not impossible or even impractical." Id. at 63, 851 A.2d 799. We provided the following direction on remand:
With respect to proof of damages on the remand, as to the "Red Bank" class, the proof or disproof of damages in individual cases should be feasible through use of customer claim forms and surveys, judicious use of interrogatories and demands for admission, reasonable investigative efforts, and perhaps statistical interpretation of sampling data from the relevant universe, established based on competent data. We do not in any sense intend to limit the demonstrated thoughtful creativity of the trial judge, and the manifest energy of the parties in this regard.
We affirm the orders decertifying the class and denying the motions to permit expert testimony on proposed class-wide damages but we remand for certification on the more limited Red Bank class, i.e., that class of customers whose outages directly resulted from the alleged negligence in delaying the replacement of the transformers at the Red Bank substation.

*265 [Id. at 64, 851 A.2d 799 (emphasis added).]
On September 8, 2004, the Supreme Court denied both parties' applications for leave to appeal.
On August 4, 2005, defendants filed their motions for summary judgment and decertification of the remaining class. Oral argument on defendants' motion was held on December 7, 2005. Defendants asserted that the appellate panel's decision in Muise II "imposed upon Your Honor an almost impossibly unmanageable situation." Defendants argued that the decision was "unclear . . . defy[ing] anyone to tell . . . with certainty what it is remanded to certify." Defendants also maintained that "the Appellate Division fundamentally erred in [its] holding, substituting its judgment for Your Honor's that common issues predominate on liability."
Defendants also argued that the observation in Muise II, supra, 371 N.J.Super. at 52, 851 A.2d 799, that "it might be reasonable to presume that all class members, merely by losing power, suffered some damage, if only the inconvenience of having to reset clocks," has been eliminated as actionable damages in class actions by subsequent decisions in Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 872 A.2d 783 (2005) and Dabush v. Mercedes-Benz USA, LLC, 378 N.J.Super. 105, 874 A.2d 1110 (App.Div.), certif. denied, 185 N.J. 265, 883 A.2d 1062 (2005). Defendants maintained that, with the setting aside of inconvenience damages, plaintiffs are unable to establish that all members of the class have suffered damages to depart from the general preference for individualized proof.
Plaintiffs countered, essentially arguing: (1) they relied upon Muise II, and the appellate panel's decision deserves respect; (2) they are in receipt of optional claim forms from defendants' customers in the Red Bank area indicating that the Red Bank customers have suffered millions of dollars of loss and, together with the other information in defendants' possession, plaintiffs can create a reliable class-wide damage model; and (3) the Thiedemann and Dabush decisions dealt with ascertainable loss in class actions under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, rather than breach of contract or negligence actions.
In reaching her decision to decertify the Red Bank class, the motion judge made the following findings:
GPU asserts that plaintiffs cannot meet their burden to prove that every class member or even a vast majority was injured or damaged as a consequence of the power interruptions. . . . Plaintiffs cannot demonstrate economic loss for all class members because many class members did not suffer any compensable loss as a result of their power interruptions. . . . Plaintiffs' response to this point is to suggest that all customers experienced inconvenience and discomfort. This court has already considered and rejected plaintiffs' efforts to quantify such claims through the use of a model.
. . . .
. . . As previously established in this case, both at the trial and appellate level, plaintiffs must prove either individual damages or provide a reliable mathematical formula for calculating damages.
In Muise II, the appellate court presupposed that each member of the proposed Red Bank class sustained damage, if only some minor inconveniences associated with the interruption of power. Pursuant to Thiedemann and Dabush, a plaintiff must "demonstrate a real and measurable loss of property or moneys" under the lower threshold required for a private cause of action under the CFA *266 and inconvenience alone is insufficient to bestow standing.
The court thus finds that customers who suffered no demonstrable loss of property or money, and who suffered inconvenience alone, cannot prove the actual damages necessary to sustain their cause of action and to unite a class. Individual claims predominate in this case.
The proofs presented demonstrate that many of the class members admit that they did not suffer damages. The claims of class members who did suffer damages are more appropriately addressed in individual suits against GPU rather than by class action in which they are joined with and must share recovery with class members whose claims are either non-existent or entirely dissimilar. Accordingly, GPU['s] renewed motion to decertify the class is granted on the basis that plaintiffs cannot sustain their burden of proving damages on a class-wide basis.
(footnote omitted).
On appeal, plaintiffs argue: (1) the motion judge essentially reversed and improperly disregarded our decision in Muise II; (2) the decisions in Thiedemann and Dabush are limited to CFA claims arising out of defects fixed by manufacturers under warranties; and (3) the judge ruled prematurely without permitting plaintiffs to develop and submit a new damage model for the Red Bank class as envisioned in Muise II.
Defendants concede that following remand the Law Division never issued an order certifying the Red Bank class as directed by Muise II. However, defendants counter, contending that developments in class action jurisprudence following Muise II, particularly the decisions in Thiedemann and Dabush, establish that inconvenience alone could not constitute a class-wide injury, thus preventing plaintiffs from satisfying predominance under R. 4:32-1(b)(3). They also contend that, under the circumstances, the motion judge did not disregard our opinion in Muise II, rather she effectively treated the Red Bank class as having been certified and her decertification of the class was in accordance with R. 4:32-1(b)(3) because the putative class does not have a common legal grievance due to the fact that all members did not suffer injury sufficient to give them a cause of action.
We begin our analysis with the decisions in Thiedemann and Dabush. Defendants assert that both of these cases "confirm[] that inconvenience alone could not constitute injury, and in the absence of cognizable injury common to the class there could be no predominance of common issues." Defendants argue that "it is now the law of New Jersey that inconvenience alone, in the absence of a quantifiable or measurable economic loss, does not create the essential element of injury necessary to sustain a cause of action . . . for negligence. . . ."
Thiedemann involved plaintiffs who sought damages under the CFA from the defendant Mercedes-Benz for defective fuel gauge sensors that failed to report the correct amount of gasoline in their vehicles. The defendant repaired the gauges without charge under the vehicle warranty agreement. Thiedemann, supra, 183 N.J. at 241-42, 872 A.2d 783. In Dabush, the plaintiffs sought damages against Mercedes-Benz under the CFA in a class action alleging the satellite navigation system did not work as advertised in the marketing literature for the vehicle. Dabush, supra, 378 N.J.Super. at 111, 874 A.2d 1110.
The issue in both cases was whether the plaintiffs could demonstrate "ascertainable loss" to sustain a private action under the *267 CFA and, thus, survive defense motions for summary judgment. Id. at 108, 874 A.2d 1110; Thiedemann, supra, 183 N.J. at 238, 872 A.2d 783. Noting that "the CFA implicitly encourages . . . automobile sellers[ ] to initiate pro-consumer warranty programs," the Court in Thiedemann concluded that "defects that arise and are addressed by warranty, at no cost to the consumer, do not provide the predicate `loss' that the CFA expressly requires for a private claim." Thiedemann, supra, 183 N.J. at 250-51, 872 A.2d 783. Although the Court noted that it had no "doubt that [plaintiffs] were inconvenienced by problems caused by the defective fuel gauge sensors," all repairs were performed under warranty at no cost to the plaintiffs who were provided with loaner cars, thus suffering no "out-of-pocket monetary loss." Id. at 251-52, 872 A.2d 783.
The appellate panel in Dabush, relying in part on the then-recent decision in Thiedemann, found that the plaintiff's claim that he arrived forty minutes late to a business meeting due to a defect in the navigation system did not establish an ascertainable loss under the CFA. Dabush, supra, 378 N.J.Super. at 124, 874 A.2d 1110. The panel explained that, as a lessee of the vehicle, the plaintiff's proofs could not demonstrate loss in future resale value and did not present any evidence of cost, price, or value of the system, which was not optional equipment on the vehicles in question, "`to satisfy the CFA requirement of a demonstration of a quantifiable or otherwise measurable loss as a condition of bringing a CFA suit.'" Ibid. (quoting Thiedemann, supra, 183 N.J. at 252, 872 A.2d 783).
Here, the motion judge rejected plaintiffs' argument that Thiedemann and Dabush were confined to the CFA, reasoning that "a plaintiff must `demonstrate a real and measurable loss of property or moneys' under the lower threshold required for a private cause of action under the CFA and inconvenience alone is insufficient to bestow standing."
At oral argument on appeal, defendants argued that the following quote from Muise II supports the motion judge's reasoning that Thiedemann and Dabush are controlling and that had those decisions been rendered before Muise II, we would have declined to certify a more limited class.
Judge Perri correctly observed that proof of damage in CFA cases is easier than proof of damage in negligence cases. To establish a cause of action for consumer fraud, a plaintiff need show only that a defendant engaged in a practice unlawful under the CFA that resulted in an "ascertainable loss of moneys or property, real or personal." N.J.S.A. 56:8-19. In contrast, to establish a cause of action for negligence, a plaintiff must prove breach of a duty of care and actual damages sustained as a proximate cause of the breach.
[Muise II, supra, 371 N.J.Super. at 34-35, 851 A.2d 799.]
The above quoted portion of Muise II dealt with the appropriateness of the judge's decision concerning the significance of the dismissal of the CFA claims as altering plaintiffs' burden of proof with regard to the overall class, rather than plaintiffs' contention that it evidenced a reason for their earlier decertification. It was not directed at the more limited Red Bank class. Indeed, in our decision certifying the more limited Red Bank class we relied on Delgozzo v. Kenny, 266 N.J.Super. 169, 190, 628 A.2d 1080 (App.Div. 1993), as support for our conclusion that "[o]nce the court finds that common questions of liability, and the fact of damage, predominate, individual variations in the calculation of damages does not preclude *268 class certification." Muise II, supra, 371 N.J.Super. at 46, 851 A.2d 799.
In our view, the Thiedemann and Dabush decisions are confined to an interpretation of the term "ascertainable loss" under the CFA. See Int'l Union of Operating Eng'rs Local # 68 Welfare Fund v. Merck & Co., 384 N.J.Super. 275, 292, 894 A.2d 1136 (App.Div.2006) (upholding a class certification despite the need for plaintiffs to show ascertainable loss under the CFA), motion for leave to appeal granted, 188 N.J. 215, 902 A.2d 1232 (2006); Sema v. Automall 46, Inc., 384 N.J.Super. 145, 152, 894 A.2d 77 (App.Div.2006) (holding that a plaintiff is entitled to attorney's fees when the plaintiff demonstrates a bona fide claim for ascertainable loss under the CFA); Perkins v. DaimlerChrysler Corp., 383 N.J.Super. 99, 112, 890 A.2d 997 (App. Div.2006) ("[A] claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot form the basis for a claim under the CFA.").
Under R. 4:32-1(b)(3), predominance is established when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Our "courts will permit class certification even though individual questions, such as the degree of damages due a particular class member . . . may remain following resolution of the common questions." Delgozzo, supra, 266 N.J.Super. at 181, 628 A.2d 1080 (citing In re Cadillac V8-6-4 Class Action (In re Cadillac), 93 N.J. 412, 429-30, 432-35, 461 A.2d 736 (1983); Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir.1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment."), cert. denied, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976)). "Generally, `[i]f a common nucleus of operative facts is present, predominance may be found.'" Id. at 189, 628 A.2d 1080 (quoting In re Cadillac, supra, 93 N.J. at 431, 461 A.2d 736) (alteration in original). "`[T]he basic question is whether the potential class, including absent members, seeks to remedy a common legal grievance.'" Ibid. (quoting In re Cadillac, supra, 93 N.J. at 431, 461 A.2d 736). We thus decline to alter the view expressed in Muise II that "it might be reasonable to presume that all class members, merely by losing power, suffered some damage, if only the inconvenience of having to reset clocks," was an operative fact sufficient to present a common nucleus to establish predominance. Muise II, supra, 371 N.J.Super. at 52, 851 A.2d 799.
Generally, "it is inconsistent with sound judicial policy for the Law Division to reconsider a case, based on some arguably new precedent, after [the Appellate Division] affirmed the judgment and the Supreme Court denied certification." Smid v. N.J. Highway Auth., 268 N.J.Super. 306, 309, 633 A.2d 580 (App.Div.1993), certif. denied, 135 N.J. 467, 640 A.2d 849 (1994). At the time of the motion, plaintiffs had not presented their damage model for the Red Bank class. As such, the individual proof of damages as potentially acceptable proof of injury as a result of defendants' alleged negligence in the form suggested, namely, "use of customer claim forms and surveys, judicious use of interrogatories and demands for admission, reasonable investigative efforts, and . . . statistical interpretation of sampling data from the relevant universe," was neither presented nor considered by the motion judge. Muise II, supra, 371 N.J.Super. at 64, 851 A.2d 799. Plaintiffs should be afforded a reasonable time to present those proofs. Only then would it be appropriate *269 for the trial court to consider a motion to decertify or maintain the class with respect to the liability issue only, under R. 4:32-2(d), on a showing that plaintiffs' individual damage issues are so significant when compared to those that are common to the class as a whole. See In re Cadillac, supra, 93 N.J. at 437, 461 A.2d 736; Varacallo v. Mass. Mut. Life Ins. Co., 332 N.J.Super. 31, 52, 752 A.2d 807 (App.Div.2000).
Accordingly, we reverse the order decertifying the Red Bank class and remand for further proceedings consistent with this opinion.