**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4221-15T4

BARBARA TERRANOVA,

    Plaintiff-Appellant,

v.

ESTATE OF STUART PAER
and  BENEFICIARIES,

    Defendants-Respondents.

_____

        Argued August 30, 2017 — Decided November 17, 2017

        Before Judges Alvarez and Gooden Brown.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part,
        Monmouth County, Docket No. FM-13-1049-16.

        Angelo Sarno argued the cause for appellant
        (Snyder Sarno D'Aniello Maceri & da Costa,
        LLC, attorneys; Mr. Sarno, of counsel and on
        the briefs; Lydia S. LaTona, on the briefs).

        Matthew N. Fiorovanti argued the cause for
        respondent (Giordano, Halleran & Ciesla, PC,
        attorneys; Michael J. Canning, of counsel and
        on the brief; Mr. Fiorovanti, on the brief).

PER CURIAM

Plaintiff appeals from the April 22, 2016 Family Part order dismissing her complaint for palimony for failure to state a claim. We affirm.

Because this appeal arises from a motion to dismiss a complaint, "we accept as true the facts alleged in the complaint[,]" Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 625 (1995), and summarize the pertinent background from the pleadings. Plaintiff and Stuart Paer, a retail mattress tycoon, were not married but were in a long-term committed relationship for fifteen years from 1996 until Paer's untimely passing on April 5, 2011. Over the course of the couple's fifteen-year relationship, they worked together, lived together, traveled together, and existed as a family unit. They held themselves out to the world as husband and wife and maintained a marital-type lifestyle, particularly after 1997 when Paer proposed marriage and gave plaintiff an engagement ring.

According to plaintiff, Paer supported her financially in a lavish lifestyle throughout the fifteen-year relationship, and promised on numerous occasions that he would always take care of her and support her for life. In reliance on Paer's promises, plaintiff abandoned her career opportunities. Instead, she supported his business ventures, maintained their various homes, helped raise his two daughters from adolescence to adulthood,

cared for him after his 2008 stage four liver cirrhosis diagnosis, and devoted herself to his emotional and physical needs.

Despite the promises of lifetime support, plaintiff was not a beneficiary in Paer's will, and she received none of the considerable assets or property accumulated during their fifteen-year relationship, but held solely in Paer's name. Instead, Paer's two daughters, Natasha and Alyssa,[1] were named residuary beneficiaries in Paer's 2004 will. After his death, Paer's estate refused to honor his purported promise of lifetime support to plaintiff.[2] As a result, on November 16, 2011, plaintiff filed in the Family Part a complaint for palimony and other equitable relief against the estate and its beneficiaries, Natasha and Alyssa.[3]

On January 23, 2012, a Family Part judge dismissed the palimony count of plaintiff's complaint. The judge determined that plaintiff's palimony claim was barred under the Statute of Frauds, N.J.S.A. 25:1-5(h), as amended on January 18, 2010, requiring palimony agreements to be in writing. On March 6, 2012,

---

[1] Because the parties share common surnames, we refer to them by their first names in this opinion for clarity and ease of reference, and intend no disrespect.

[2] Plaintiff was named as a beneficiary on a life insurance policy, which provided her with $60,000 in death benefits.

[3] A palimony obligation has been held enforceable against the estate of the promisor. In re Estate of Roccamonte, 174 N.J. 381, 395-97 (2002).

we denied plaintiff's motion for leave to file an interlocutory appeal from the dismissal of her palimony claim. In the absence of a palimony count, the Family Part judge transferred the case to the General Equity Part pursuant to Rule 4:3-1, where a June 20, 2013 order granting defendants' motion for summary judgment resulted in the dismissal of the remaining counts of plaintiff's complaint with prejudice. Plaintiff did not appeal the dismissal.

Thereafter, the applicability of the amended Statute of Frauds to oral palimony agreements that predated the statute's amendment was challenged. In Maeker v. Ross (Maeker I), 430 N.J. Super. 79 (App. Div. 2013), rev'd, 219 N.J. 565 (2014), we held that because palimony actions are based upon principles of contract law, a palimony plaintiff's cause of action accrued at the time the defendant is alleged to have breached the agreement, not at the time the promise of lifetime support was purportedly made. Here, the Family Part judge's dismissal of plaintiff's palimony count was consonant with our interpretation in Maeker I, supra, because plaintiff's cause of action accrued in 2011 when the breach occurred, and was therefore governed and barred by the 2010 amendment to the Statute of Frauds.

In 2014, however, the Supreme Court reversed our ruling and held that the 2010 amendment to the Statute of Frauds did not apply retroactively to void oral palimony agreements that predated

4

its enactment. Maeker v. Ross (Maeker II), 219 N.J. 565, 580-82 (2014). The Court explained that the date the oral contract was formed, rather than the date the cause of action accrued, was the controlling date "for retroactivity purposes." Id. at 582. Under the Supreme Court's holding in Maeker II, supra, plaintiff's palimony count, predicated on promises made during their fifteen-year relationship, pre-dated the 2010 amendment to the Statute of Frauds and was therefore enforceable.

Relying on the Supreme Court's decision in Maeker II, supra, on January 8, 2016, plaintiff filed a second complaint for palimony. Defendants moved to dismiss the complaint for failure to state a claim. In support, Natasha certified that her father's 2004 will, for which she and her sister were appointed administrators, "made several specific bequests of his property," but "did not specifically bequest any property to [p]laintiff, or otherwise provide for any lifetime support for [p]laintiff[.]" According to Natasha, after plaintiff's first palimony complaint was dismissed with prejudice in 2013 and plaintiff never appealed the dismissal, she and her sister distributed "a significant portion of the Estate's assets" for living expenses. Natasha averred that "[i]f the court permits [p]laintiff to pursue a claim against the Estate," they would be prejudiced because "[their]

lives would be severely disrupted, and [their] long-term financial condition placed in serious jeopardy."

After oral argument, in an April 22, 2016 order, the court granted defendants' motion and dismissed the complaint with prejudice. In an accompanying statement of reasons, the court stated that "rather than file a motion seeking to vacate the final order entered in this case under [Rule] 4:50-1, [plaintiff] filed a new [c]omplaint seeking the same relief which was previously denied by the court." The court determined that because it was "procedurally improper" and "in direct contravention with the entire controversy doctrine[,]" dismissal of the complaint was warranted. The court explained that "even if [plaintiff] had filed a motion for vacation of the final judgment . . . under [Rule] 4:50-1, her application would likewise be unsuccessful as the final judgment in this case was entered on June 20, 2013, nearly three (3) years ago." According to the court, "[plaintiff's] application would not be considered to have been made within a reasonable time[,] and her circumstances are not so extreme as to warrant vacation of the final judgment entered in this matter."

The court acknowledged that the facts in Maeker II, supra, were not unlike the facts surrounding plaintiff and Paer's relationship. However, the court noted that under applicable law,

the "jurisdiction of the court . . . cannot be invoked merely because a party wishes to argue new or developing case law." A.B. v. S.E.W., 175 N.J. 588, 595 (2003). Rather, the court analyzed plaintiff's argument under State v. Burstein, 85 N.J. 394, 402-03 (1981), to determine whether "the Maeker [II] rule should be given complete retroactive effect[.]" The court concluded that "[plaintiff's] circumstances [were] not so extreme as to warrant providing the Maeker rule with complete retroactive effect[,]" when "[plaintiff] filed her new [c]omplaint for [p]alimony . . . approximately [sixteen] months" after the "Supreme Court issued its decision in Maeker [II,]" and "the final judgment . . . [was] more than [two and a half] years old." This appeal followed.

On appeal, plaintiff argues she should not be barred from pursuing her palimony claim "because of an erroneous interpretation of law by the Appellate Division . . . or as a result of a potential procedural defect made in attempting to revive [her] palimony claim." Plaintiff argues the court misapplied Burstein, supra, because Maeker II, supra, did not announce a new rule of law to which a retroactivity analysis applied. Plaintiff also argues she was entitled to relief under Rule 4:50-1(f), and the court erred in dismissing her complaint with prejudice rather than "deny the filing without prejudice and

direct [p]laintiff to file a motion" under Rule 4:50-1. We disagree.

Plaintiff's palimony complaint is barred by principles of res judicata. Because the application of res judicata is a question of law, we review this issue de novo. See Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div.), certif. denied, 211 N.J. 274 (2012). Under the doctrine of res judicata, "a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498, 505 (1991). "The rationale underlying res judicata recognizes that fairness to the defendant and sound judicial administration require a definite end to litigation." Ibid. (citing Restatement (Second) of Judgments, § 19 comment a (1982)).

New Jersey law requires three basic elements for res judicata to apply:

> (1) [T]he judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 412 (1991).]

It is well settled that "a dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after trial.'" Velasquez, supra, 123 N.J. at 507 (quoting Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972)).

Here, plaintiff's first palimony complaint was dismissed with prejudice, constituting an adjudication on the merits. The parties and the palimony claim in the second action are identical to those in the prior action. Therefore, the dismissal of plaintiff's first complaint with prejudice bars her subsequent suit against the same parties on the same issue, where the operative facts of the subsequent suit are identical to the first. We agree with the trial court that plaintiff's only possible recourse to revive her palimony claim was to move pursuant to Rule 4:50-1(f) to vacate the final judgment and persuade the court that Maeker II, supra, should be applied retroactively to all cases, including those like hers, where final judgment had been entered and the time for appeal long expired. However, because the court also conducted a Rule 4:50-1(f) analysis in rejecting plaintiff's attempt to reinstate her palimony claim, we next consider the propriety of the court's decision in that regard.

The amended Statute of Frauds was a new rule of law, but was silent as to retroactivity. Maeker II, supra, decided whether the

A-4221-15T4

statute applied to oral palimony agreements that predated the statute's amendment. In so doing, Maeker II, supra, may be viewed as announcing a new rule of law by virtue of its interpretation of the amended statute. To determine whether we should apply Maeker II, supra, to this case despite the longstanding final judgment, we must analyze how the new rule should be applied.

A court confronted with that inquiry has four options:

> (1) [M]ake the new rule of law purely prospective, applying it only to cases whose operative facts arise after the new rule is announced; (2) apply the new rule to future cases and to the parties in the case announcing the new rule, while applying the old rule to all other pending and past litigation; (3) grant the new rule limited retroactivity, applying it to cases in (1) and (2) as well as to pending cases where the parties have not yet exhausted all avenues of direct review; and, finally, (4) give the new rule complete retroactive effect, applying it to all cases, even those where final judgments have been entered and all avenues of direct review exhausted.
>
> [Burstein, supra, 85 N.J. at 402-03.]

To determine which option to adopt, the court should consider the following factors: "(1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the

administration of justice." State v. Feal, 194 N.J. 293, 308 (2008).

However, because "this is not a criminal case involving constitutional issues or implicating the trustworthiness of the fact-finding process[,] . . . there is no basis for granting" retroactive application. Ross v. Rupert, 384 N.J. Super. 1, 7 (App. Div. 2006). "Instead, we deal with principles of finality under [Rule] 4:50-1[] and the possibility of prejudice[.]" Ross, supra, 384 N.J. Super. at 9. "[Rule] 4:50-1 permits a court to relieve a party from a final judgment after the time for filing a motion for reconsideration or an appeal has expired[,]" Ross, supra, 384 N.J. Super. at 7-8, for the following reasons:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; . . . (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [R. 4:50-1.]

A motion for relief on any of these grounds "shall be made within a reasonable time, and for reasons (a), (b) and (c) of

[Rule] 4:50-1[,] not more than one year after the judgment, order or proceeding was entered or taken."  R. 4:50-2.  "Rule 4:50-1 provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."  Baumann v. Marinaro, 95 N.J. 380, 393 (1984).  However,

> [A] "change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance" as to justify relief from a final judgment where the time to appeal has expired.  This is unquestionably the general rule and rests principally upon the important policy that litigation must have an end.
>
> [Hartford Ins. Co. v. Allstate Ins. Co., 68 N.J. 430, 434 (1975) (quoting Collins v. Whichita, 254 F.2d 837, 839 (10th Cir. 1958)).]

The court determines whether exceptional circumstances warranting relief from a judgment exist by analyzing the particular facts of each case, while remaining mindful of the well-settled principle that finality should attach to judgments.  Hous. Auth. of Morristown v. Little, 135 N.J. 274, 294 (1994); see also A.B., supra, 175 N.J. at 593-94 (holding order denying parental visitation not subject to reconsideration based on new rule of law concerning visitation rights of domestic partners); Zuccarelli v. N.J. Dept. of Envtl. Prot., 326 N.J. Super. 372, 379-81 (App. Div. 1999) (rejecting motion to vacate settlement based on subsequent change of law), certif. denied, 163 N.J. 394 (2000); Wausau Ins.

Co. v. Prudential Prop. & Cas. Ins. Co., 312 N.J. Super. 516, 518-19 (App. Div. 1998) (denying reconsideration based on clarification of law concerning uninsured motorist coverage); Smid v. N.J. Highway Auth., 268 N.J. Super. 306, 308-09 (App. Div. 1993) (denying reconsideration based on new Supreme Court decision rendered following denial of certification), certif. denied, 135 N.J. 467 (1994). But see Lee v. W.S. Steel Warehousing, 205 N.J. Super. 153, 156-58 (App. Div. 1985) (permitting reopening of administrative order in workers' compensation action to recalculate disability award based on intervening Supreme Court decision); Hyjack v. Nolan, 144 N.J. Super. 545, 554-55 (Law Div. 1976) (granting reconsideration of administrative order terminating plaintiffs' disability pension benefits following successful appeal of other similarly situated pensioners, "[b]ecause of the factual relationship involved"), aff'd o.b., 154 N.J. Super. 173 (App. Div. 1977).

We conclude that Rule 4:50-1 and the principle of finality preclude granting plaintiff relief from the final judgment in this case. We acknowledge that under Maeker II, plaintiff's palimony claim would have been cognizable. However, the salutary purpose behind the rule of finality is not overcome in this case, where plaintiff failed to file a timely appeal of her 2013 final judgment, sat on her rights from 2013 to 2014 while Maeker II was

13

litigated in the Supreme Court, and commenced an action two years after the Supreme Court rendered its decision. To rule otherwise would severely and unfairly prejudice defendants. We recognize that there are equities on both sides; however, in the final analysis, we simply find it inappropriate to circumvent the jurisprudence so clearly developed under Rule 4:50-1. Thus, the motion judge properly concluded plaintiff was not entitled to relief under Rule 4:50-1(f).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4221-15T4